# CHARLESTON.

## STATE *v.* ARBRUZINO.

### Decided May 17, 1910.

1. CRIMINAL LAW—*Writ of Error—Necessity of Exception.*

   If the error complained of be, that the final judgment is in excess of the verdict, it is matter of record and may be reviewed on writ of error, without any formal exception being taken to the action of the trial court. In such case it is not necessary that a motion to set aside the verdict should have been overruled, and an exception taken, in order to entitle the party complaining to a writ of error.

2. SAME—*Verdict—Sufficiency.*

   The verdict of a jury in a criminal case should be read in connection with the indictment, and, if the meaning of the verdict is thus made certain, it is sufficiently definite.

3. HOMICIDE—*"Assault" with Intent to Kill—Verdict.*

   Upon an indictment for feloniously, maliciously and unlawfully beating and wounding, with a dangerous weapon called a club, with intent to maim, disfigure, disable and kill, the jury returned the following verdict: "We, the jury, find the defendant, Tonio Arbruzino, not guilty of the felonious and malicious assault charged in the within indictment with the intent there charged, but we do find him guilty of the unlawful assault therein charged with the intent therein also charged."

   *Held.* That the word "assault" in the verdict refers to the beating and wounding charged in the indictment, and does not mean the technical and common law offence of assault.

Error to Circuit Court, Harrison County.

Tonio Arbruzino was convicted of assault with intent to kill, and brings error.

*Affirmed.*

*Sperry & Sperry,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

WILLIAMS, JUDGE:

Defendant was indicted and tried in the circuit court of Harrison county for "feloniously, maliciously and unlawfully"

beating and wounding one Frank Oliverio with a deadly weapon, called a club, with intent to maim, disfigure, disable and kill him. The jury returned the following verdict, viz: "We, the jury, find the defendant, Tonio Arbruzino, not guilty of the felonious and malicious assault charged in the within indictment with the intent therein charged, but we do find him guilty of the unlawful assault therein charged with the intent therein also charged". A motion to set aside the verdict was overruled, but no exception taken, and the court sentenced Arbruzino to confinement in the penitentiary for a term of five years. To this judgment defendant obtained a writ of error.

Two questions are presented: (1) whether or not the writ should have been awarded, there being no exception taken to the action of the court in overruling the motion to set aside the verdict; and (2) whether the sentence is in excess of the penalty imposed by law for the offence of which defendant was convicted.

In reference to the first point, it is only necessary to say that the rule of practice requiring bills of exceptions to be taken to the action of the court, upon motions made in the progress of the trial, and saving such exceptions by bills of exception to be made a part of the record by the court's order, is for the purpose of putting into the record, for the purpose of review by the appellate court, such matters as would not otherwise appear in the record. This rule does not apply to a case where the error complained of can be ascertained from the record. In the present case the error, if any, can be seen by a comparison of the final judgment of the court with the verdict. These are always matters of record, and when the judgment is the only thing complained of no motion need be made to set it aside, and no bill of exception is necessary.

The second point depends upon a construction of the verdict. Counsel for plaintiff in error insists that the verdict finds the prisoner guilty of nothing more than a technical, common law "assault". We do not think so. The word "assault", as used in the verdict, should not be restricted to its technical meaning. What the jury meant by it is to be ascertained by reference to the indictment, because the verdict refers to the "unlawful assault therein (in the indictment) charged with the intent

therein also charged". The word "assault", used in this connection, means the particular "beating" etc., charged in the indictment, which the jury found to have been done with the intent as charged, unlawfully, but not maliciously. The jury evidently intended the word "assault" to comprehend the words "hit, beat and wound", used in the indictment. The verdict should be read in the light of the indictment, especially when the verdict expressly refers to the indictment.

"The verdict of a jury is to be favorably construed", etc. *Lewis* v. *Childers,* 13 W. Va. 1.

"A verdict of a jury, in a criminal case must always be read in connection with the indictment; and if it be certain upon reading them together, what is the meaning of the verdict, it is sufficient". *Henderson* v. *Commonwealth,* 98 Va. 794; *Hoback* v. *Commonwealth,* 28 Grat. 922; *State* v. *Staley,* 45 W. Va. 792. The defendant was indicted for the higher offence, described in section 9 chapter 144, Code 1906, felonious and malicious beating and wounding, with a dangerous weapon, with intent to maim, etc., and the jury found him guilty of a lesser degree of the offence, which was simply unlawfully but not maliciously doing the act.

The penalty for unlawfully, but not maliciously, doing the act is confinement in the penitentiary not less than one nor more than five years, or confinement in jail not exceeding twelve months and a fine not exceeding $500. The trial court has seen fit to impose the maximum penalty. This was in its discretion, and even if it be conceded, which we do not say is so, that we have the right to review the action of the trial court in exercising a discretion given to it in the fixing of penalties within prescribed limits, when it might be made to appear that such discretion has been abused, still we could not do so in the present case, because the evidence on which the conviction was had is no part of the record. Circumstances may have appeared in the trial which may have justified the court in giving the prisoner the maximum sentence. It does not appear that the court abused its discretion, or that the sentence does not conform to the verdict. The judgment will be affirmed.

*Affirmed.*