# CHARLESTON.

## STATE v. JIM BROWN.

Submitted May 2, 1922.    Decided May 9, 1922.

1. CRIMINAL LAW—*Where Indictment Charged Felony by Reason
   of Repetition of Misdemeanor After Previous Conviction, a
   Verdict Finding Defendant Guilty as Charged Held Sufficient.*

   A verdict in a criminal case in which the indictment charged
   the accused with commission of a felony by reason of his repeti-
   tion of an offense, after a previous conviction thereof, which
   alone would be only a misdemeanor, finding him guilty as
   charged in the indictment, is sufficiently definite and cer-
   tain.   (p. 188).

2. SAME—*Verdict to be Read With Indictment and to Find the
   Prisoner Guilty of Felony as Charged.*

   Such a verdict is to be read in connection with the indict-
   ment, upon the inquiry as to its legal effect, and, so read, it
   finds the accused guilty of the felony charged, not a misde-
   meanor.   (p. 189).

3. SAME.—*Statute Requiring Penitentiary Sentence for Repeti-
   tion of Misdemeanor, for Which Defendant has been Pre-
   viously Convicted, is Equivalent to Declaring him Guilty of
   Felony.*

   A statute requiring a person found guilty, upon a proper
   indictment, of repetition of a misdemeanor of which he has
   been previously convicted, to be confined in the penitentiary,
   has the same legal effect as if it had in terms declared him to
   be guilty of a felony and required him to be so confined.
   (p. 189).

4. SAME—*Conviction for Subsequent Offense Held Not to Warrant
   Life Sentence to Penitentiary.*

   A person found guilty upon an indictment charging a felony
   and also two previous sentences in the United States to con-
   finement in a penitentiary, for offenses made felonious only
   by reason of repetition of misdemeanors, after previous con-

victions, cannot be sentenced to confinement in the Peniten-
tiary for life, under the provisions of sec. 24 of ch. 152 of the
Code.    That section contemplates two previous sentences
to such imprisonment, for offenses made felonious on account
of their character, not on account of the character of the of-
fender, as disclosed by his conduct.  (p. 189).

Error to Circuit Court, McDowell County.

Jim Brown was convicted for the fourth time of the offense
of unlawfully carrying a deadly weapon, and sentenced to
the penitentiary for life, and he brings error.

*Reversed and remanded.*

*Cecil H. Riley,* and *Litz & Harman,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assist-
ant Attorney General, for the State.

POFFENBARGER, PRESIDENT:

On this writ of error to a judgment imposing a sentence of
life imprisonment, upon the plaintiff in error, under the
provisions of sec. 24 of ch. 152 of the Code, apparently on his
fourth conviction of the offense of unlawful carrying of deadly
weapons, and proof that he had twice before been punished by
confinement in the Penitentiary of this State, sufficiency of the
verdict is challenged only on account of its form, and the
judgment is complained of on the ground of erroneous in-
terpretation of the verdict, as well as departure from the
law, correct interpretation of the verdict being assumed. An
assignment of error is based upon the overruling of a demur-
rer to the indictment, but nowhere in the argument is any
attempt made to disclose a defect in it and none is revealed by
inspection .

The indictment charges an offense, under the statute, sec.
7, ch. 148 of the Code, committed on the . . . . . . . . day of
February, 1921, a former conviction of felony under the
same statute and two former convictions of felony and sen-
tences to imprisonment in the Penitentiary of this state; and
the verdict found by the jury reads:    "We the jury find
Jim Brown, the defendant guilty as charged in the in-
dictment."

As the indictment charges the offense and a former conviction of another offense of the same kind under the statute, saying the accused had been theretofore convicted, on a named date, of feloniously carrying about his person certain revolvers and pistols and sentenced on such conviction, and the verdict is clearly responsive to it, the charge of uncertainty therein is groundless. *State* v. *Newsom,* 13 W. Va. 859; *Hoback's Case,* 28 Gratt. 922; *State* v. *Staley,* 45 W. Va. 792. For the same reason, it is apparent that the trial court did not misinterpret it. A repetition of the offense, after conviction and punishment, is directly and positively charged, and the statute makes it a felony. As the indictment manifestly charges a felony and the jury found the accused guilty as charged in it, the terms of the verdict preclude the contention that he was found guilty of a misdemeanor. With such a verdict, the indictment must be read upon the inquiry as to its meaning. The indictment charges a felony and the accused was found guilty as charged. This conclusion is sustained by the authorities above referred to.

The contention that the judgment rendered departs from the law of the case is more confidently relied upon and strongly urged than any of the the other assignments of error. Upon the interpretation given to sec. 24 of ch. 152 of the Code, in the well considered opinion delivered in *Stover* v. *Com.,* 92 Va. 780, the terms and context of the Virginia statute and ours being identical, it is insisted that this case does not fall within it, because the first offense under sec. 7, ch. 148, Code, is a misdemeanor and the repetition thereof, after a conviction, is made a felony on account of the character of the accused, as disclosed by his conduct, and not on account of the character of the offense. The interpretation given the statute by the Virginia court, correctly applies the rule requiring acts *in pari materia* to be considered upon the inquiry for the meaning of a statute the terms of which, by reason of their generality, or otherwise, necessitate resort to construction. It also gives due and proper weight to the context. Its soundness is not questioned in the brief filed for the State, but a differentiation of this case, from *Stover* v. *Com.* is

claimed, because said sec. 7 of ch. 148, Code, expressly makes the second offense a felony. If this claim is not tenable, the decision in Stover's Case governs, because the former convictions proved were for offenses made felonies by repetition, each being unlawful carrying of deadly weapons after conviction of a prior offense of like kind.

The distinction claimed by the State is not well founded. Although Stover had been repeatedly convicted of petit larceny and twice sentenced to confinement in the penitentiary on convictions of repetitions of the offense, after conviction, the sentences to confinement in the penitentiary, on convictions of repetition, were sentences for felonies, not mere impositions of additional punishment for misdemeanors. Although the Legislature had not declared in terms that one so repeating the offense should be guilty of a felony, as it has done in the statute here involved, he was, when convicted and so sentenced, a felon, because of the requirement that he be sentenced to confinement in the penitentiary. *Rider* v. *Com.*, 16 Gratt. 499, decided before division of the State of Virginia, and, therefore, binding authority here. When the punishment is confinement in the penitentiary, the person convicted and so punished is a felon, although the statute does not say so in terms. Judge Allen's well considered opinion in Rider's Case is based upon the interpretation of sec. 1 of ch. 152, Code, read in the light of the common law as well as previous legislation, and conclusively demonstrates the immateriality of the form of expression of legislative intent in statutes like sec. 25 of ch. 152 and sec. 7 of ch. 148. Requirement of sentence to imprisonment in the penitentiary, giving character to the offense, though based upon repetition of a misdemeanor, marks the distinction between the two classes of offenses, not the form of expression of the legislative will. In other words, when it is ordained that, for certain acts done by a person, he shall be imprisoned in the penitentiary, it makes him guilty of a felony as fully and completely as if he were declared in terms to be guilty thereof. An offense may be impliedly named as effectually as if actually named, and, if it be designated in both ways, nothing is either added to or taken

from it.   Further confirmation of these views will be found in *State* v. *Harr*, 38 W. Va. 58; *Randall* v. *Com.*, 24 Gratt. 644; *Benton* v. *Com.*, 89 Va. 570; *Quillen* v. *Com.*, 105 Va. 874; *Forbes* v. *Com.*, 90 Va. 552.

But it does not follow, that the Legislature intends to inflict like punishment upon merely similar felonies.   As was held in Stover's Case, the terms used in sec. 24 of ch. 152, Code, read in connection with the context and in the light of the history and development of legislation, do not contemplate life imprisonment for two periods of confinement in the penitentiary for offenses made felonies on the ground of repetition of misdemeanors, antedating conviction of another repetition thereof.

Being contrary to law, the judgment will have to be reversed; but the verdict will not be disturbed.   As the rendition of a proper judgment involves the exercise of discretion in the court below, the case will be remanded for determination of the period of confinement in the penitentiary, within the limits prescribed by law, and entry of judgment in conformity therewith.

*Reversed and remanded.*