ED McCOMAS *v.* HON. H. C. WARTH, *Judge*

(No. 7497)

Submitted November 29, 1932.    Decided December 6, 1932.

*Thomas West,* for relator.

WOODS, JUDGE:

Ed McComas seeks, by mandamus, to require the Honorable H. C. Warth, judge of the court of common pleas of Cabell

164

County, to vacate a certain judgment wherein relator was sentenced to five years in the penitentiary for an unlawful assault upon one George L. Bowman, with intent to maim, disfigure, disable and kill, and, in lieu thereof, to enter a judgment for an assault and battery, or such other judgment as the law and facts warrant.

The indictment, returned at the October term, 1932, charged that relator together with one Claude Huffman "on the 27th day of July, 1932, in the county aforesaid, in and upon one George L. Bowman, did make an assault and him the said George L. Bowman did unlawfully, feloniously and maliciously, shoot, stab, cut and wound, and did then and there unlawfully, feloniously and maliciously cause him, the said George L. Bowman, bodily injury by means of striking him the said George L. Bowman with a policeman's mace, with intent him the said George L. Bowman, then and there to maim, disfigure, disable and kill, against the peace and dignity of the State." On the 27th day of October, petitioner plead "not guilty" thereto, and was put on trial, at the completion of which, the jury returned the following verdict: "We, the jury, agree and find the defendant, Ed McComas, not guilty of malicious assault as charged in the indictment, but, we, the jury, agree and find the defendant Ed McComas, guilty of unlawful assault." This was received by the court and entered upon its records, and, over objection and exception, judgment entered thereon, as for a felony. In addition to the foregoing, the petition avers that the court of common pleas will remain in session until the 27th day of December, 1932.

It is the contention of the relator that the verdict, when properly construed, simply finds him guilty of an assault, and that the error committed in sentencing him for a felony is correctable, by mandamus, during the present term of the trial court.

The indictment is drawn under Code 1931, 61-2-9, which makes it a felony to either *maliciously*, or *unlawfully*, "shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill." The true purpose and meaning of such act was doubtless conceived to be to define and punish as felonies those acts

which have theretofore been considered misdemeanors only in those cases where it also appeared that there was the felonious intent to maim, disfigure, disable or kill. *Commonwealth* v. *Harris*, 150 Va. 580, 142 S. E. 354. To support a finding of unlawful wounding under our statute, above cited, there must be intent to produce a permanent disability or disfiguration. *State* v. *Taylor*, 105 W. Va. 298, 142 S. E. 254.

A verdict in a criminal case is always to be read in connection with the indictment, and if, upon such reading, the meaning of the verdict is certain, that is sufficient. *State* v. *Staley*, 45 W. Va. 792, 32 S. E. 198; *State* v. *Brown*, 91 W. Va. 187, 112 S. E. 408; *State* v. *Arbruzino*, 67 W. Va. 534, 68 S. E. 269. In the instant case the verdict first absolves the relator of malicious wounding, as charged, and then finds him "guilty of unlawful assault". The intent with which the assault was committed is conspicuously absent, thus robbing the verdict of its felonious character. *State* v. *Taylor, supra.* But, upon reference to the indictment, we find it charging that the relator "in and upon one George L. Bowman, did make an assault and him the said George L. Bowman did unlawfully, feloniously and maliciously, shoot," etc. This, under our procedure, is a sufficient allegation to support a verdict finding one guilty of an assault. Code 1931, 62-3-14; *State* v. *Howes*, 26 W. Va. 110. The statute (Code 1931, 62-3-14) provides: "If a person indicted for a felony be by the jury acquitted of part and be convicted of part of the offense charged, he shall be sentenced by the court for such part as he is convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor." And, in the *Howes* case, an indictment insufficient for robbery was held good on the charge of an assault. In point 3, syllabus, the court held that mere surplusage in an indictment will not wholly vitiate it and that, therefore, where an indictment alleges facts, which constitute an assault, although it states other facts, which fall short of constituting the greater offense of felony, it will be a good indictment for the assault validly charged. The jury by its verdict has therefore found relator guilty of a simple assault, and judgment should have been entered thereon. *State* v. *McKain*, 56 W. Va. 128, 49 S. E. 20.

But will mandamus lie in this case? It is apparent from the foregoing that the trial court has, by virtue of the judgment entered on the jury verdict, arbitrarily read into it the intent necessary under the statute to raise the alleged offense to the rank of felony. Such action is wholly unwarranted under the facts. That mandamus is a proper remedy to compel an inferior court to remove an order or judgment and enter a proper one is without question. *State ex rel. Surgeon* v. *Jones, Justice,* 106 W. Va. 561, 146 S. E. 372. In the case of *French* v. *Bennett,* 69 W. Va. 653, 72 S. E. 746, 747, mandamus was held to be a proper remedy, although the Court admitted that a writ of error was likewise proper. In its opinion the Court said: "True, a writ of error would lie in the case, but that does not exclude mandamus in a case where the inferior court refuses wholly to entertain the case on the claim of want of jurisdiction. [Citing cases] In order to shut out mandamus, the other remedy must be adequate under the circumstances of the particular case. * * * If we drive French to a writ of error we would have the delay of going through this court and pending his writ of error the whole or a material part * * * of the four years would expire, and if he reversed the case he would have to go back to the circuit court and try the merits." How like the instant case! Why should the relator, in view of the nature of the verdict, be required to go to the expense and delay of prosecuting his case by means of a writ or error, when this Court, in the absence of other error warranting the setting aside of the verdict, would be obliged to return the case with direction to the trial court to correct his judgment to conform to the verdict. This was the procedure followed in *State* v. *Brown,* 91 W. Va. 187, 112 S. E. 408, which came to this court by writ of error.

The writ will therefore issue, directing the entry of a judgment for an assault, in lieu of the one heretofore entered.

*Writ awarded.*