Gertha Hostin *v.* Honorable Charles E. Miller, *Judge*

(No. 7797)

Submitted November 8, 1933.   Decided December 12, 1933.

*Walter R. Haggerty* and *Harrison Conaway,* for plaintiff in error.
*J. V. Blair, Jr.,* for defendant in error.

Kenna, Judge:

The facts of this case, as they appear from the petition for a writ of mandamus, filed in the circuit court of Marion County, and the record in that court thereon, are as follows:

Gertha Hostin was indicted in the criminal court of Marion County at the May term, 1933, under section 9, article 2, chapter 61, Code 1931.   On a plea of not guilty, she was tried and convicted, the jury reporting the following verdict: "We, the jury, find the defendant, Gertha Hostin, guilty of unlawful shooting.   Signed Odes Hibbs, Foreman."   Thereupon, under the direction of the court, the jury changed its

verdict to read as follows: "We, the jury, find the defendant, Gertha Hostin, guilty of unlawful wounding and not malicious wounding as charged in the within indictment. Signed Odes Hibbs, Foreman." Motions to set aside the verdict and grant a new trial to the defendant were duly made and overruled, after which the court imposed a sentence of two years in the penitentiary and granted a thirty-day stay for the purpose of permitting the defendant to apply for a writ of error to this court. The defendant thereafter, on the 8th day of September, 1933, filed her petition in the circuit court of Marion County seeking a writ of mandamus commanding Honorable Charles E. Miller, Judge of the Criminal Court of Marion County, to vacate the judgment entered by him in that court upon the verdict of the jury and commanding him to pronounce judgment on said verdict as for a misdemeanor, or such other judgment as the law and the facts warrant. The judge of the criminal court of Marion County appeared and demurred to the petition. Thereafter, on September 11, 1933, the writ of mandamus was awarded in the circuit court of Marion County commanding the judge of the criminal court of that county to vacate the judgment pronounced against the defendant and petitioner as for a felony and to pronounce judgment as for a misdemeanor upon the verdict returned against the defendant in the criminal court of Marion County. To the action of the circuit court of Marion County in awarding the writ of mandamus, Honorable Charles E. Miller, Judge of the Criminal Court of Marion County, prosecutes this writ of error.

The defendant in error relies upon the case of *McComas* v. *Warth, Judge,* decided December 6, 1932, and reported in 113 W. Va. 163, 167 S. E. 96, to show the invalidity of the verdict as corrected by the trial court. In the *McComas* case, the verdict was as follows: "We, the jury, agree and find the defendant, Ed McComas, not guilty of malicious assault as charged in the indictment, but, we, the jury, agree and find the defendant, Ed McComas, guilty of unlawful assault." The difference between the *McComas* case and this is simply that in the *McComas* case the verdict of the jury described a misdemeanor and the court attempted to enter a judgment as for a felony. In this case, the use of the words "unlawful

shooting" in the verdict as originally written shows an unmistakable intention on the part of the jury to return a felony verdict. In *State* v. *Davis,* 31 W. Va. 390, 7 S. E. 24, it was held that it was proper for the prosecuting attorney to put in proper form a verdict originally returned finding the defendant guilty of "unlawful cutting". The verdict as originally returned in that case bears a close analogy to this case. For the reasons stated, we do not think that the *McComas* case is authority for the contention that the verdict in this case as originally returned correctly describes a misdemeanor under Code, 61-2-9. We base this on the difference between the words "unlawful assault", as used in the *McComas* case, and "unlawful shooting", as used in this case. In the *McComas* case, there was absolutely nothing to raise the verdict of the jury above a simple assault which is a misdemeanor. In this case, there was nothing that the words "unlawful shooting" could describe except a felony.

The question naturally arises: Did the trial court exceed its powers by ordering the amendment? We have only the admitted fact that the amendment was made at the order of the court, coupled with the language of the verdict before its amendment, and the language of the verdict after it was amended, to go by. Under these circumstances, the first query is whether the verdict before the amendment sufficiently designated the offense to show that the jury intended in the first instance to find the defendant guilty of that and no other crime. In our opinion it did. She was found "guilty of unlawful shooting". Unlawful shooting is one of the offenses comprehended within the indictment and it was that offense manifestly of which the jury intended to find the defendant guilty. Under this section and under an indictment correctly drawn thereunder, the word "shooting" comprehends wounding. This being true, and, therefore, the substance of the verdict being sufficient to indicate the actual purpose of the jury without question, the trial court was within its right and, in fact, only discharging its manifest duty when it ordered the verdict to be cured in matter of form only. There are no allegations in the petition showing that this was done in any manner which would indicate improper conduct on the part of the trial judge. We must presume, therefore, that the manner in which the trial judge

ordered the amendment made was in all respects correct, that he took steps to discover by proper means that the jury unanimously approved of the correction and that it conformed to the real purpose of their verdict as originally found. We must presume that all of this was properly done before the jury was discharged, and that the verdict, as amended, was the verdict actually received and entered by the trial court.

For the reasons stated, we are of opinion that the circuit court of Marion County incorrectly awarded the writ of mandamus. The judgment of that court is therefore reversed and the case remanded with instructions that the writ do not issue.

*Reversed and remanded.*