CARLOS CRAWFORD

*v.*

IRA M. COINER, *Warden*
WEST VIRGINIA PENITENTIARY

(No. 12755)

Submitted October 8, 1968.      Decided October 29, 1968.

412

C. *Donald Robertson,* Attorney General, *Leo Catsonis, James G. Anderson, III,* Assistant Attorneys General, for plaintiff in error.

*Alfred E. Ferguson,* for defendant in error.

HAYMOND, JUDGE:

On this writ of error the defendant, Ira M. Coiner, Warden of the West Virginia Penitentiary, seeks reversal of a final judgment of the Circuit Court of Cabell County rendered October 13, 1967 which granted a writ of habeas corpus to the petitioner, Carlos Crawford, and discharged him from confinement in the penitentiary upon the ground that the sentence imposed upon him March 21, 1964 by the Common Pleas Court of Cabell County is void.

The original defendant was Otto C. Boles, Warden of the West Virginia Penitentiary, who is now deceased. After his death this proceeding was revived in the name of Ira M. Coiner, the present warden, and he is now the defendant in the place and stead of the former warden.

Under the provisions of Section 7, Article 6, Chapter 61, Code, 1931, commonly known as the Red Men's Act, which covers both a felony and a misdemeanor, the peti-

tioner, Carlos Crawford, and another person were jointly indicted for a felony in the Common Pleas Court of Cabell County at its January Term, 1964. The indictment charged that the defendants did unlawfully and feloniously combine and conspire together for the purpose of inflicting punishment and bodily injury upon Wyatt Grimmett and in pursuance of such unlawful combination and conspiracy did inflict punishment and bodily injury upon Wyatt Grimmett, and on March 2, 1964, the petitioner pleaded not guilty to the indictment.

Upon the trial of the case the jury, having been instructed that it could find the accused guilty as charged of conspiracy, or guilty of assault and battery, or not guilty, returned on March 3, 1964, a verdict signed by Amy Lee Steiner, its foreman, which found the accused, "Carlos Crawford guilty as charged of conspiracy." The verdict was immediately amended by the trial judge to read: "We, the jury agree and find the defendant, Carlos Crawford, guilty of conspiring and combining to inflict bodily injury and inflicted bodily injury upon Wyatt Grimmett, as charged in the within indictment." The amended verdict was signed by Amy Lee Steiner, Foreman, and was read by the clerk to the jury. The clerk inquired of the jury: "So say you all, Ladies and Gentlemen?" The record is silent and does not indicate any answer by any member of the jury to the foregoing question propounded by the clerk. The record does not show any dissent from or any objection to the action of the court in amending the verdict, and on March 21, 1964 the court, after overruling a motion to set aside the verdict and grant the defendant a new trial, rendered judgment upon the verdict and sentenced the defendant, Carlos Crawford, to be confined in the penitentiary of this State for an indeterminate period of from one year to ten years.

Upon the hearing of the instant proceeding the circuit court held that the verdict of the jury found the petitioner guilty of a misdemeanor but not guilty of a felony; that the amendment of the verdict by the trial judge found the petitioner guilty of a felony; that the record did not show that the jury assented to the verdict as amended; and that the jury did not affirmatively answer the inquiry "So say

you all, Ladies and Gentlemen?" propounded by the clerk. At the hearing the foreman and two other members of the trial jury testified to the effect that their verdict before its amendment was intended to find the defendant guilty of a felony in that pursuant to the conspiracy he did inflict punishment and bodily injury upon Wyatt Grimmett as charged in the indictment. The circuit court rejected this testimony on the ground that it tended to impeach the verdict of the jury. The circuit court also rejected, on the ground that their testimony contradicted the record, the testimony of the three members of the trial jury and the deputy clerk that the members of the jury were polled and assented and agreed to the amended verdict.

The defendant assigns as error the action of the circuit court (1) in holding that the petitioner was illegally confined and was entitled to be released; and (2) in refusing to consider the testimony of the members of the jury and the deputy clerk that the jury had been polled and that the amended verdict was, in fact, the verdict of the jury.

The original verdict returned by the jury, as previously indicated, found the petitioner guilty of conspiracy as charged. The indictment charged a conspiracy for the purpose of inflicting punishment and bodily injury upon Wyatt Grimmett and that in pursuance of the conspiracy the accused did inflict such punishment and bodily injury. When the verdict is read in connection with the charge in the indictment, it is clear that the jury intended to and did find the accused, Carlos Crawford, guilty of the felony charged in the indictment. It is settled by the decisions of this Court that a verdict of a jury in a criminal case should be read in connection with the indictment and that if when so read its meaning is certain the verdict is sufficiently definite. *McComas* v. *Warth,* 113 W. Va. 163, 167 S. E. 96; *State* v. *Brown,* 91 W. Va. 187, 112 S. E. 408; *State* v. *Arbruzino,* 67 W. Va. 534, 68 S. E. 269; *State* v. *Staley,* 45 W. Va. 792, 32 S. E. 198. In *State* v. *Arbruzino,* 67 W. Va. 534, 68 S. E. 269, this Court held in point 2 of the syllabus that "The verdict of a jury in a criminal case should be read in connection with the indictment, and, if the meaning of the verdict is thus made certain, it is sufficiently definite."

Though the verdict originally returned by the jury was a valid verdict which convicted the accused of a felony, the verdict as amended by the trial court superseded the original verdict, is the verdict in this case, and is incorporated in the final judgment of the Common Pleas Court which sentenced the petitioner to confinement in the penitentiary. There may not be two successive verdicts as to the same defendant upon the same issue, by the same jury, upon a single trial of a case. *State ex rel. Rufus v. Easley,* 129 W. Va. 410, 40 S. E. 2d 827. The action of the trial court in amending the verdict did not change the substance of the original verdict returned by the jury but instead improved its form and removed any defects or irregularities and made certain the intent of the jury. A judge of any trial court has the power and the authority, and it is his duty, before discharging the jury, to correct any irregularity, eliminate any surplusage, or amend the form of a verdict of a jury upon the trial of any case, when such action is necessary or proper, and does not change the substance, finding or effect of the verdict. *State v. Gregory,* 143 W. Va. 878, 105 S. E. 2d 532; *State ex rel. Rufus v. Easley,* 129 W. Va. 410, 40 S. E. 2d 827; *Hostin v. Miller,* 114 W. Va. 455, 172 S. E. 519; *Price Hill Colliery Company v. Pinkney,* 96 W. Va. 74, 122 S. E. 434; *State v. Davis,* 31 W. Va. 390, 7 S. E. 24. This the trial court did and the verdict as amended was agreed to by the jury before it was discharged. After the amended verdict was signed by the foreman of the jury, the jury was asked by the clerk the question "So say you all, Ladies and Gentlemen?" There was no affirmative reply but there was also no dissent by any member of the jury. Though, as stated in *State v. Gregory,* 143 W. Va. 878, 105 S. E. 2d 532, the better practice would have been for the trial court to amend the verdict as to form, then to send the jury back to its room with the amended verdict, and, on its return, to ascertain by interrogating the jury whether the verdict as amended was its verdict, the action of the trial court in amending the verdict, in the presence of the jury and in causing it to be signed by the foreman and the clerk to inquire "So say you all, Ladies and Gentlemen?" before discharging the jury, was not erroneous.

Though the record is silent and contains no affirmative response by any of the jurors to the inquiry propounded by the clerk, such silence in the record does not indicate that the jury did not accept the amended verdict as its verdict in the case. On the contrary the absence of any dissent or any affirmative response and the action of the trial court in subsequently recognizing the amended verdict as the verdict of the jury by entering judgment upon it sufficiently establish the amended verdict as the verdict of the jury.

When it appears that the judge of a trial court, in the presence of the jury, amended a verdict originally returned by the jury in a criminal case, that the foreman of the jury then signed the amended verdict which was read to the jury by the clerk who inquired "So say you all, Ladies and Gentlemen?", that the record, being silent, does not show that there was any affirmative response or any dissent by any member of the jury or any objection by any party to any of the foregoing proceedings, and that subsequently the judge imposed a sentence of imprisonment in the penitentiary by judgment entered upon the amended verdict, it will be presumed that the jury assented and agreed to the amended verdict and such amended verdict will be considered to be and constitute the valid verdict of the jury in such case.

The general rule established and recognized by many decisions of this Court is that when the record of a trial court is silent with respect to its jurisdiction and the regularity of its procedure it will be presumed that such court satisfied and complied with all jurisdictional and procedural requirements for the entry of a valid judgment and that such presumption will be accorded prevailing force and effect. *State ex rel. Smith* v. *Boles*, 150 W. Va. 1, 146 S. E. 2d 585; *State ex rel. Massey* v. *Boles*, 149 W. Va. 292, 140 S. E. 2d 608; *Pyles* v. *Boles*, 148 W. Va. 465, 135 S. E. 2d 692, certiorari denied, 379 U. S. 864, 85 S. Ct. 130, 13 L. Ed. 2d 67; *State ex rel. Ashworth* v. *Boles*, 148 W. Va. 13, 132 S. E. 2d 634; *State ex rel. Lovejoy* v. *Skeen*, 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268; *Lemley* v. *Wetzel Coal and Coke*

*Company,* 82 W. Va. 153, 95 S. E. 646; *Starcher* v. *South Penn Oil Company,* 81 W. Va. 587, 95 S. E. 28; *Tomblin* v. *Peck,* 73 W. Va. 336, 80 S. E. 450; *State* v. *Lowe,* 21 W. Va. 782, 45 Am. Repts. 570.

In *State ex rel. Smith* v. *Boles,* 150 W. Va. 1, 146 S. E. 2d 585, this Court held in the syllabus that "There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law, with the exception of the fundamental constitutional right of assistance of counsel which is specifically provided for in both the State and Federal Constitutions." See also *State* v. *Gregory,* 143 W. Va. 878, 105 S. E. 2d 532. In the *Gregory* case it appeared that after a verdict had been reduced to writing and set forth in this form "We, the jury, find the defendant, Finley Gregory, guilty as charged in the within indictment.", the trial court asked the twelve jurors "Now hearken unto your verdict, as recorded by the Clerk.", that there were no dissents, and that the foreman then signed his name to the verdict; and in that case this Court said that the foregoing procedure did not constitute reversible error. The ruling of this Court in the *Gregory* case indicates clearly that when a trial court submits the form of a verdict to the jury and requests it to hearken to the verdict, the absence of any dissent or affirmative reply, without more, constitutes the adoption by the jury of such verdict as the verdict of the jury.

Inasmuch as it is not necessary, in the decision of this case, to consider or determine whether the evidence of the three jurors and the deputy clerk with respect to the original verdict was admissible and should have been considered by the circuit court, that question is not decided upon this writ of error.

The amended verdict was a valid verdict of the jury in the prosecution of the petitioner under the indictment upon which he was tried and convicted in the Common Pleas

Court of Cabell County. The judgment of that court upon such verdict is a valid and subsisting judgment and its enforcement will not be prevented in this habeas corpus proceeding.

For the foregoing reasons the judgment of the Circuit Court of Cabell County is reversed and set aside and this proceeding is remanded to that court with directions that the petitioner be returned to the custody of the defendant to serve the unsatisfied portion of the judgment of confinement rendered by the Common Pleas Court of Cabell County.

*Reversed and remanded
with directions.*