474 S.E.2d 569

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Danny Ray WILLIAMS, Defendant Below, Appellant.**

No. 23181.

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1996.

Decided June 17, 1996.

Deborah L. McHenry, Managing Deputy Attorney General, Charleston, for Appellee.

Ira M. Haught, Harrisville, for Appellant.

WORKMAN, Justice:

Appellant Danny Ray Williams challenges the application of West Virginia Code § 61–11–18 (Supp.1995), the criminal recidivist statute, to enhance his sentencing for third offense DUI. Finding no error, we affirm the lower court's decision.

On January 11, 1995, Appellant was indicted for third offense DUI pursuant to West Virginia Code § 17C–5–2 (Supp.1995).[1] At the conclusion of the trial on June 5, 1995, the jury convicted Appellant of third offense DUI. Following the announcement of the verdict, the prosecutor stated that he intended to charge Appellant as a recidivist and requested a sentencing delay.

On July 17, 1995, Appellant pled guilty to an information filed pursuant to West Virginia Code § 61–11–18[2] and § 61–11–19 (1992).[3] Through the information, Appellant

---

1. West Virginia Code § 17C–5–2(d), (j) provides:

(d) Any person who:

(1) Drives a vehicle in this state while:

(A) He is under the influence of alcohol; or

(B) He is under the influence of any controlled substance; or

(C) He is under the influence of any other drug; or

(D) He is under the combined influence of alcohol and any controlled substance or any other drug; or

(E) He has an alcohol concentration in his or her blood of ten hundredths of one percent or more, by weight;

(2) Is guilty of a misdemeanor, and, upon conviction thereof, shall be confined in jail for not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

. . . .

(j) Any person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may,

in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

2. West Virginia Code § 61–11–18 provides, in pertinent part:

(a) Except as provided by subsection (b) of this section, when any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

3. West Virginia Code § 61–11–19 states that "[i]t shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to

admitted that he had a 1983 felony conviction for delivery of a controlled substance. The trial court then sentenced Appellant "to the term of not less than one, but not more than eight years in the penitentiary for the offense of which you were convicted of, driving under the influence of alcohol, third offense enhanced by the previous conviction of recidivism."[4]

■ The sole ground on which Appellant appeals is the application of the recidivist statute in connection with his third offense DUI conviction.[5] He argues that the recidivist statute does not apply to offenses that are made felonies solely by repetition of misdemeanor offenses. In support of this theory, Appellant cites *State v. Brown*, 91 W.Va. 187, 112 S.E. 408 (1922). In *Brown*, this Court ruled that:

> A person found guilty upon an indictment charging a felony and also two previous sentences in the United States to confinement in a penitentiary, for offenses made felonies only by reason of repetition of misdemeanors, after previous convictions, cannot be sentenced to confinement in the Penitentiary for life, under the provisions of sec. 24 of ch. 152 of the Code. That section contemplates two previous sentences to such imprisonment, for offenses made felonies on account of their character, not on account of the character of the offender, as disclosed by his conduct.

*Id.* at 187–88, 112 S.E. at 409, Syl. Pt. 4. Appellant reasons that "if a felony based upon the grounds of repetition of misdemeanors[ ] is not a felony for which a life sentence could be applied, then the habitual criminal statute should not [have] been applied in this case ... [since] DUI ... is clearly a misdemeanor, but for the fact that it has been committed two times prior to the subject offense."

■ The State's position is that a felony based upon repetition of misdemeanors may be used for sentence enhancement because the recidivist statute, the terms of which are clear and unambiguous, applies to all felonies without exception. As support for its position, the State looks to the statutory construction axiom that: "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108, 109 (1968). Finding no ambiguous statutory language, the State argues that West Virginia Code § 61–11–18 must "be given full force and effect." Syl. Pt. 2, in part, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488, 489 (1951). Finally, the State cites the principle that statutes are to be read in pari materia and " '[w]here it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions * * * ' " to give force and effect to each, if possible. *State ex rel. Pinson v. Varney*, 142 W.Va. 105, 109–10, 96 S.E.2d 72, 75 (1956) (quoting 50 Am.Jur., *Statutes* § 363). Applying these rules to the statutes at hand, the State underscores both the absence of statutory ambiguity and the fact that in providing for sentence enhancement in the event of a felony conviction that is preceded by a prior conviction "punishable by imprisonment in a penitentiary," West Virginia Code § 61–11–18 makes no exceptions with regard to third offense DUI. According to the State, the absence of such an exclusion suggests that the Legislature has expressly chosen not to exempt individuals convicted of third offense DUI from the sentence enhancement provisions of West Virginia Code § 61–11–18.

---

the court immediately upon conviction and before sentence."

**4.** If not for the recidivist statute, Appellant's sentence for third offense DUI would have been a term of one to three years in the penitentiary plus a fine of not less than $3,000 nor more than $5,000. *See* W. Va.Code § 17C–5–2(j).

**5.** Appellant did not raise this issue at the time of sentencing. As the State notes, however, it has the burden of proving that the trial court has jurisdiction to impose any enhanced sentence under the general recidivist statute. *See State v. McMannis*, 161 W.Va. 437, 441–42, 242 S.E.2d 571, 574 (1978).

In the State's view, West Virginia Code §§ 17C–5–2 and 61–11–18 "'dovetail[ ] harmoniously.'" *People v. Bewersdorf,* 438 Mich. 55, 475 N.W.2d 231, 237 n. 25 (1991), *cert. denied sub nom. Johnson v. Michigan,* 502 U.S. 1111, 112 S.Ct. 1214, 117 L.Ed.2d 452 (1992) (quoting *People v. Eilola,* 179 Mich.App. 315, 445 N.W.2d 490, 494 (1989)). In explanation, the State notes that the former statute can raise an offense from a misdemeanor to a felony, but does not enhance the sentence when it rises to the level of a felony offense. *See Eilola,* 445 N.W.2d at 494. Once a felony offense has been committed, the general recidivist statutory provisions are invoked. In this fashion, both statutes are given effect and both function in a complementary manner. Moreover, the State argues that this statutory interplay is consistent with the deterrent objective that underlies the enactment of recidivist statutes. *See, e.g., Justice v. Hedrick,* 177 W.Va. 53, 55, 350 S.E.2d 565, 567 (1986); *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 526, 276 S.E.2d 205, 208 (1981). The State further posits that to exempt third offense DUI convictions from sentence enhancement under the recidivist statute would grant recidivist drunk drivers an assurance of no increased penalty for any subsequent convictions following a third offense DUI.

Since the decision regarding what offenses qualify as misdemeanor versus felony is solely up to the Legislature, the State contends that the absence of any language exempting offenses such as third offense DUI from the terms of the recidivist statute is significant. Accordingly, the lack of an exemption suggests that the Legislature intended that once a felony conviction is entered, it can be used for sentence enhancement under West Virginia Code § 61–11–18 regardless of whether that conviction resulted from a pure felony or from an enhanced misdemeanor.

Numerous jurisdictions have adopted the position advanced by the State that sentence enhancement may be applied when the offense actuating the enhancement was itself enhanced from a misdemeanor to a felony. *See People v. Cissna,* 170 Ill.App.3d 398, 120 Ill.Dec. 503, 524 N.E.2d 268, *appeal denied,* 122 Ill.2d 581, 125 Ill.Dec. 224, 530 N.E.2d 252 (1988) (discussing and approving use of extended term sentence for felony theft conviction where prior conviction was enhanced misdemeanor); *State v. Rogers,* 555 So.2d 500 (La.Ct.App.1989) (upholding use of enhanced misdemeanor thefts in subsequent multiple offender proceedings); *State v. Ewanchen,* 799 S.W.2d 607 (Mo.1990) (upholding sentencing as persistent offender of individual convicted of driving while under influence when offense actuating enhancement was itself enhanced from misdemeanor to felony); *but see Lawson v. State,* 295 Ark. 37, 746 S.W.2d 544 (1988) (refusing to permit application of general criminal enhancement statute in conjunction with driving while under the influence enhancement statute, relying on specific versus general rules of statutory construction); *State v. Chapman,* 205 Neb. 368, 287 N.W.2d 697 (1980) (holding that misdemeanor offenses that rise to felony status by repetition may not act as trigger conviction under habitual criminal statute).

■ In *Bewersdorf,* the Michigan Supreme Court held that a third conviction for operating a motor vehicle while under the influence of intoxicating liquor ("OUIL"), elevated to felony status, constituted a prior felony which could subject any subsequent "OUIL" felony conviction to the Michigan recidivist statute. 475 N.W.2d at 237. Concluding that the language of the OUIL sentencing statute and the recidivist statute were unambiguous and subject to complementary construction, the court noted:

It is significant that, in crafting the OUIL provisions of the Motor Vehicle Code, the Legislature established escalating punishment for only the first and second OUIL violations, both misdemeanors, and then chose merely to provide that a third and any subsequent conviction shall be a felony. *Surely, it is reasonable to assume that when the Legislature drafted the OUIL provisions it was aware, and at all times since then has been aware, of the habitual offender act and its direction that any person who commits a second or subsequent felony within this state shall be punished in accordance with its terms.*
*Id.* (emphasis supplied). This state similarly recognizes that "[t]he Legislature, when it

enacts legislation, is presumed to know its prior enactments." Syl. Pt. 12, *Vest v. Cobb*, 138 W.Va. 660, 662, 76 S.E.2d 885, 888 (1953).

Rejecting the argument that the term "any felony" in the recidivist statute was ambiguous, the Supreme Court of Illinois in *People v. Hicks*, 164 Ill.2d 218, 207 Ill.Dec. 295, 647 N.E.2d 257 (1995) upheld an extended-term sentence for a felony conviction enhanced from misdemeanor status because of the accused's prior convictions. The court reasoned:

> We find no ambiguity in the term "any felony" in the extended-term sentencing provision as applied to the facts of the case presently before us. A statute is not rendered ambiguous merely because the defendant believes the legislation should be interpreted so that it would not apply to him. The plain language of the extended-term sentencing provision explicitly states that it applies to "any felony." The statutory provision makes no exception for misdemeanors, such as retail theft, that have been enhanced to a felony in accordance with the legislature's direction. We believe that the words "any felony" are broad in scope and apply to the defendant's enhanced felony conviction for retail theft in the present case.

> . . . .

> Our extended-term sentencing provision is designed to increase the length of imprisonment, where the defendant has a criminal record of prior felonies, in order to punish and deter recidivist behavior. There is nothing in this objective that is at odds with the inclusion of felony retail theft within the purview of the extended-term sentencing provision.

*Id.* at 298–99, 647 N.E.2d at 260–61 (citations omitted). Analogously, our recidivist statute states in unambiguous terms, that it applies whenever "such person had been before convicted ... of a crime punishable by imprisonment in a penitentiary." W.Va.Code § 61–11–18.

We therefore conclude that despite the fact that a third offense DUI felony conviction pursuant to West Virginia Code § 17C–5–2(j) results from an enhanced misdemeanor, the Legislature intended that this type of felony conviction be used for sentence enhancement in connection with the terms of the recidivist statute, West Virginia Code § 61–11–18. To the extent that this Court's holding in *Brown* is inconsistent with this ruling, we hereby overrule that decision. *See* 91 W. Va. at 187–88, 112 S.E. at 409, Syl. Pt. 4. We reach our holding in this case for the same reasons expressed in *Hicks* and *Bewersdorf. See* 207 Ill.Dec. at 297–303, 647 N.E.2d at 259–65, 475 N.W.2d at 236–38. Like the court in *Hicks,* we find nothing in the objective of this state's recidivist statute "that is at odds with the inclusion of" third offense DUI "within the purview of the extended-term sentencing provision." 207 Ill.Dec. at 299, 647 N.E.2d at 261.

For the foregoing reasons, we affirm the decision of the Circuit Court of Wood County.

Affirmed.