# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0674** (Monongalia County 11-F-296)

**Anthony Q. Powell,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner, Anthony Q. Powell, by counsel Karen L. Hall, appeals his conviction and sentence pursuant to a recidivist information. Respondent State of West Virginia, by counsel Scott E. Johnson, responds in support of the circuit court's February 26, 2013, order sentencing petitioner to life in prison[1] and denying petitioner's motion for judgment of acquittal and/or a new trial.[2] Petitioner also submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of domestic battery, third or subsequent offense; one count of domestic assault, third or subsequent offense; and one count of battery. K.E., the battery victim, picked petitioner up on January 25, 2011, at an apartment in Westover, West Virginia.[3] Once the two reached a bar, petitioner reportedly seized K.E.'s throat, pushed her away, and

---

[1]The sentencing and resentencing orders are silent as to mercy. However, because petitioner was not convicted of first or second degree murder or sexual assault in the first degree, pursuant to West Virginia Code §§ 61-11-18(b) and (c) the sentence is for life with the possibility of parole.

[2]On May 31, 2013, the circuit court entered an agreed order resentencing petitioner to life imprisonment for appeal purposes.

[3]Because of the sensitive nature of the facts alleged in this case, we use the initials of the victims. *See State v. Edward Charles L.,* 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials. Since, in this case, the victim[s] [is] related to the appellant, we have referred to the appellant by his last name initial." (citations omitted)).

1

slammed her to the ground. Petitioner then held K.E. down with his foot on her back and kicked her twice in the ribs. K.E.'s boyfriend came to her defense and struck petitioner in the mouth. Petitioner then fled the scene. A petit jury convicted petitioner of the crime of battery for this offense.

The victim of the domestic battery and domestic assault was D.B. On one occasion, petitioner entered D.B.'s apartment, grabbed her by the arms, and threw her against the microwave. Petitioner then took a board and tried to hit D.B. but missed. When arrested, petitioner was agitated and denied any wrongdoing, claiming that it was a misunderstanding. A petit jury convicted petitioner, and he stipulated to two prior misdemeanor domestic battery convictions.

The State filed a recidivist information against petitioner on December 21, 2011. At a hearing on December 29, 2011, the State sought permission from the circuit court to withdraw the previously filed information and resubmit it as a brand new prosecutor's information. The circuit court granted that request without objection from petitioner's counsel. The only change in the two informations was the inclusion of the dates of conviction and sentencing of the predicate felonies. Both informations listed as prior predicate felonies the following: distribution of crack cocaine; receiving stolen property; domestic battery, third offense; and unlawful assault. Petitioner's new counsel filed a motion to dismiss the recidivist information, claiming that the State lacked the authority to withdraw and refile a recidivist information because such information must be filed immediately upon conviction and before sentence is imposed, but that motion was denied. After the jury found that petitioner was the same person who had previously been convicted of the felonies alleged against him in the information, petitioner argued at sentencing that enhanced felonies cannot be used for recidivist purposes. The circuit court rejected that argument and sentenced petitioner to life in prison by order entered on February 26, 2013. In that order, the circuit court also denied petitioner's motion for judgment of acquittal and/or a new trial. On May 31, 2013, the circuit court entered an agreed order resentencing petitioner to life imprisonment. Petitioner appeals from both the February 26, 2013, and May 31, 2013, orders.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. McGill,* 230 W.Va. 85, 736 S.E.2d 85 (2012).

On appeal, petitioner asserts three assignments of error. First, he argues that the circuit court erred by admitting evidence of prior acts without the protections afforded by Rule 404(b) of the West Virginia Rules of Evidence. He argues that the circuit court admitted Rule 404(b) evidence in the case regarding D.B. related to a crucial element of the felony charges without conducting an in camera hearing. He admits that the alleged error must be reviewed under the plain error doctrine because trial counsel failed to object to the evidence at issue. In the State's pretrial disclosure filed on May 16, 2011, the State advised petitioner that it was not aware of any statement given by petitioner and that it did not intend to utilize 404(b) evidence. It further stated that it would provide detailed notice as additional documentation became available. He further contends that the State failed to provide notice that it intended to use a statement

2

petitioner made to Deputy Logue, other than to add him as a witness the day before petitioner's criminal trial. Petitioner asserts that the State never provided notice that it sought to use Rule 404(b) evidence. At trial, Deputy Logue testified that petitioner advised him, almost two months prior to the charges for which he stood trial, that he had engaged in sexual relations with D.B. Petitioner argues that this testimony was an attempt by the State to meet its burden of providing evidence that D.B. met the definition of a family or household member pursuant to West Virginia Code § 61-2-28 in order to establish that the battery of D.B. was domestic battery.

Rule 404(b) of the West Virginia Rules of Evidence states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. . . ." In December of 2010, Deputy Logue was serving an arrest warrant for D.B. He went to petitioner's apartment looking for D.B. and found petitioner naked. Officers located D.B. in a closet, also undressed. At that time, petitioner admitted to Deputy Logue that he had had sexual intercourse with D.B. Deputy Logue provided testimony at trial regarding petitioner's statement to him in December of 2010. This testimony is not evidence of other crimes, wrongs, or acts to show that petitioner acted in conformity therewith. Instead, it relates to the relationship between petitioner and D.B. This was important to establish that petitioner and D.B. were household members, as required to establish domestic battery pursuant to West Virginia Code § 61-2-28(a). Therefore, the testimony complained of does not fall under Rule 404(b). "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, a plain error must affect "the outcome of the proceedings in the circuit court . . ." in order for the error to be reversible. Syl. Pt. 9, in part, *id.* Due to the fact that our review of the evidence shows that the evidence at issue was not Rule 404(b) evidence, we cannot find that the admission of the testimony at issue triggers the plain error doctrine as alleged by petitioner.

Petitioner's second assignment of error is that the circuit court erred by failing to set aside petitioner's conviction and sentence because they offend the double jeopardy doctrine. In support of this argument, he asserts that during recidivist proceedings, trial counsel raised the issue that the State was using the same misdemeanor offenses at both the underlying trial and as part of the offenses presented to the jury at the recidivist trial. He argues that throughout both the underlying prosecution and the recidivist proceeding, the State repeatedly used the same misdemeanors for enhancement purposes. Further, one of the offenses set forth in the recidivist information, a third offense domestic battery, Case No. 04-F-36, uses two of the same prior misdemeanor convictions from March 25, 1999, and April 2, 2002. Thus, the same facts are being used to convict petitioner of felony domestic battery and assault and then again to prove that he is a habitual criminal. Therefore, he asserts that his convictions should be reversed and his life sentence vacated.

"Both the construction and scope of W.Va. Code, 62-12-13(a)(1)(A) (1988), the parole statute, and a double jeopardy claim are reviewed *de novo*." Syl. Pt. 1, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996). "Generally, recidivist statutes seek to punish for the commission of a crime by repeat offenders. It is the repeat nature of the criminal's history that justifies the enhancement of the punishment." *Id.* at 79 n.16, 468 S.E.2d at 332 n.16. Under the version of

West Virginia Code § 61-2-28(d) in effect at the time of petitioner's conviction,

> [a]ny person who has been convicted of a third or subsequent violation of [domestic battery or domestic assault] . . . where the victim . . . was a current of former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabitated, . . . is guilty of a felony if the offense occurs within ten years of a prior conviction of any of these offenses. . . .

W.Va. Code § 61-2-28 (2011). There is no prohibition against using an enhanced felony as a predicate or triggering felony for purposes of the recidivist statute. *See* Syl. Pt. 3, *State v. Williams*, 196 W.Va. 639, 474 S.E.2d 569 (1996) (finding that despite the fact that a third offense DUI felony conviction resulted from an enhanced misdemeanor, the Legislature intended that this type of felony conviction be used for sentence enhancement in connection with the terms of the recidivist statute). Therefore, based upon our review of the record and the relevant statutes and precedent, we find that the circuit court did not err in failing to set aside petitioner's conviction and sentence. By statute, the third offense domestic battery conviction was enhanced to a felony. Thus, it was not error for that felony to be used in the subsequent recidivist proceeding.

Petitioner's final assignment of error is his contention that the circuit court erred by not setting aside petitioner's conviction and sentence since the same were obtained in violation of West Virginia Code. Petitioner argues that the State failed to follow the mandates of West Virginia Code §§ 61-11-18 and -19. He argues that the State improperly dismissed the original recidivist information and refiled the same. Petitioner asserts that the original recidivist information did not meet statutory requirements and was deficient since it did not clearly identify petitioner as the alleged perpetrator in each count and failed to set forth the dates of the offenses and sentences. The State withdrew the original recidivist information and filed a new recidivist information with what petitioner argues were substantial differences. Petitioner also contends that two of the felonies used in the recidivist information occurred on the same date, so they could not be used jointly for recidivist purposes.

> "A person convicted of a felony may not be sentenced pursuant to *W.Va. Code,* 61-11-18, -19 [1943], unless a recidivist information and any or all material amendments thereto as to the person's prior conviction or convictions are filed by the prosecuting attorney with the court before expiration of the term at which such person was convicted, so that such person is confronted with the facts charged in the entire information, including any or all material amendments thereto. *W.Va. Code,* 61-11-19 [1943]." Syl. Pt. 1, *State v. Cain,* 178 W.Va. 353, 359 S.E.2d 581 (1987).

Syl. Pt. 9, *State v. Crabtree*, 198 W.Va. 620, 482 S.E.2d 605 (1996). According to both the original and subsequent recidivist informations, petitioner was convicted of third degree domestic battery, a 2004 charge; unlawful assault, a 2008 charge; and receiving stolen property, a 2002 charge. The informations also state that petitioner was convicted of distribution of crack

4

cocaine in the District Court for the Northern District of West Virginia.[4] Therefore, it is clear that the crimes set forth in the informations occurred on at least three separate dates.

The State filed the original recidivist information on December 21, 2011, and at the December 29, 2011, hearing, the State sought permission from the circuit court to withdraw the previously filed information and resubmit a new information. Petitioner's counsel did not object to the State's request. The only change between the original and subsequently filed informations was the inclusion of the dates of conviction and sentencing of the predicate felonies. Petitioner's counsel then filed a motion to dismiss the second information, claiming that the State lacked the authority to withdraw and refile the recidivist information. While we recently found that the procedural recidivist requirements of West Virginia Code § 61-11-19 are mandatory, jurisdictional, and not subject to harmless error analysis, we find that the State complied with these requirements. Syl. Pt. 1, *Holcomb v. Ballard*, 232 W.Va. 253, 752 S.E.2d 284 (2013). West Virginia Code § 61-11-19 states, in relevant part, as follows:

> It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen [§ 61-11-18] of this article on a second or third conviction as the case may be.

The second recidivist information was filed approximately eight days after the first, and both were filed within the same term of court.[5] The second recidivist information included all of the necessary information. In conjunction with petitioner's counsel's failure to object to the withdrawal and refiling of the recidivist information at the time of the State's request, we find

---

[4]Neither of the recidivist informations contains the date or case number for the federal charge. However, the second information states that petitioner was charged on April 24, 1996, and was sentenced to serve twenty-seven months at a federal correctional institution for the felony charge.

[5]Pursuant to Trial Court Rule 2.17, the terms of court for Monongalia County begin on the Thursday after the first Monday in January, May, and September.

that the filing of the second recidivist information complied with the mandates of West Virginia Code §§ 61-11-18 and-19. Therefore, the circuit court did not err in failing to set aside petitioner's conviction and sentence on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II