375 S.E.2d 576

**In the Interest of H.J.D.**

**No. 17344.**

Supreme Court of Appeals of West Virginia.

Nov. 21, 1988.

**106**

Paul Stone, Charles R. Garten, Charleston, for H.J.D.

PER CURIAM:

This case is before this Court upon the appeal of H.J.D., a juvenile at the time of the alleged offense, from the order of the Circuit Court of Kanawha County, West Virginia (the "trial court"), waiving juvenile jurisdiction and transferring the proceeding against H.J.D. to the criminal jurisdiction of the court. Based upon our review of the petition for appeal, the briefs and the record, we affirm.

1. The language of *W.Va.Code*, 49–5–10(d)(5) [1978] is as follows:

> (d) The court may, upon consideration of the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is a probable cause to believe that:

**I**

H.J.D., who was born on April 28, 1968, was charged in Kanawha County in March, 1986, by a juvenile petition seeking an adjudication of delinquency based upon an allegation that H.J.D. had, in January, 1986, committed an act which, if committed by an adult, would be a crime under state law, punishable by incarceration, namely, grand larceny. Specifically, the petition alleged the theft by H.J.D. of certain computer equipment valued at $2,000. The juvenile referee subsequently conducted a preliminary hearing and found that there was probable cause to believe that H.J.D. had committed the offense charged.

Prior to the scheduled adjudicatory hearing on the charge, the State timely moved for transfer of the juvenile proceeding to the criminal jurisdiction of the court. As the basis for its motion for transfer, the State alleged, pursuant to *W.Va.Code*, 49–5–10(d)(5) [1978], that H.J.D. was a child of sixteen years of age or over; that he was charged with an offense which would be a felony if committed by an adult; and that he had been previously adjudged delinquent for an offense which would be a felony if the child were an adult.[1]

At the transfer hearing in May, 1986, the State by documentary evidence established, and H.J.D., by counsel, conceded, that H.J.D. had, in July, 1983, been adjudicated delinquent upon his plea of guilty to a charge of breaking and entering a certain store. Also at the transfer hearing the State presented the uncontroverted testimony of L.M., a sixteen-year-old, who, along with H.J.D. and two other juveniles, had been charged with the theft of the computer equipment. L.M. confessed his involvement in such theft and gave testimony inculpating H.J.D. L.M. testified that

> ....
>
> (5) A child, sixteen years of age or over, has committed an offense which would be a felony if committed by an adult: Provided, That such child has been previously adjudged delinquent for an offense which would be a felony if the child were an adult.

he was not promised any leniency in exchange for his testimony against H.J.D.

Finally, at the transfer hearing the State adduced evidence on the rehabilitative prospects for H.J.D. The State's witnesses, the chief juvenile probation officer and another juvenile probation officer who had directly supervised most of H.J.D.'s rehabilitation programs, testified that they believed H.J.D. would not benefit from further exposure to rehabilitation programs within the juvenile justice system because of his repeated refusal to cooperate. As one witness put it, the whole gamut had been tried, without H.J.D.'s cooperation. For about ten years H.J.D. had spent time in more than a dozen foster, group, detention and correctional settings. He had repeatedly run away from nearly all of these settings. Immediately prior to the transfer hearing he had obtained his first job, at a fastfood restaurant, where he was apparently doing fine work. The evidence indicated, however, that H.J.D. had chosen to associate with persons having criminal proclivities and that he had needed constant supervision to restrain his tendencies toward committing property offenses.

The trial court granted the State's motion for transfer of the proceeding to the criminal jurisdiction of the court. The trial court found that H.J.D. was over the age of sixteen at the time of the alleged offense; that the evidence established probable cause to believe that H.J.D. had committed the alleged offense of grand larceny, which would be a felony if the child at the time of the alleged offense were an adult; and that the court should transfer the juvenile proceeding to the criminal jurisdiction of the court based upon consideration of H.J.D.'s mental and physical condition, maturity, emotional attitude, home or family environment, school experience, similar personal factors and possibilities for rehabilitation. The trial court found that H.J.D. was not likely to benefit from further attempts at rehabilitation within the juvenile justice system. The trial court

emphasized that H.J.D. was nearly eighteen years of age at the time of the alleged offense and had reached majority about a month prior to the transfer hearing.

## II

■ In this appeal H.J.D., the appellant, argues that there was some conflict in the evidence on the rehabilitative prospects for the appellant within the juvenile justice system and that, therefore, such conflict should be resolved in favor of retaining juvenile jurisdiction.

The only evidence indicating that the appellant should be treated as a juvenile was a letter signed by a "youth specialist" with the Juvenile Justice Committee. This letter noted the negative effects upon the appellant of long-term "institutionalization" and emphasized the appellant's recent "progress" in obtaining his first job.

■ This Court has consistently applied a "clearly wrong" standard of review of factual findings contained in an order transferring a juvenile proceeding to the criminal jurisdiction of a circuit court:

> Where the findings of fact and conclusions of law justifying an order transferring a juvenile proceeding to the criminal jurisdiction of the circuit court are clearly wrong or against the plain preponderance of the evidence, such findings of fact and conclusions of law must be reversed. W.Va. Code, 49–5–10(a) [1977] [now, 49–5–10(e) [1978]].

Syl. pt. 1, *State v. Bannister,* 162 W.Va. 447, 250 S.E.2d 53 (1978). *Accord,* syl., *State v. D.W.C.,* 163 W.Va. 494, 256 S.E.2d 894 (1979); *State v. Trail,* 163 W.Va. 352, 360, 255 S.E.2d 900, 905–06 (1979); *State v. M.M.,* 163 W.Va. 235, 246, 256 S.E.2d 549, 556 (1979).[2] Our review of the record in this case indicates that the trial court's finding that there were no reasonable prospects for the appellant to benefit from further attempts at rehabilitation within the

---

**2.** *W.Va.Code,* 49–5–10(e) [1978] provides:

(e) If, after a hearing, the court directs the transfer of any juvenile proceeding to criminal jurisdiction, it shall state on the record the findings of fact and conclusions of law upon which its decision is based or shall incorporate such findings of fact and conclusions of law in its order directing transfer.

juvenile justice system was not clearly wrong.[3]

## III

■ The appellant also argues that there was insufficient evidence for the trial court to find probable cause to believe that the appellant had committed the alleged offense of grand larceny. The appellant claims that L.M., who gave testimony inculpating the appellant, was not a credible witness because he admitted that he had lied initially to law enforcement officers about his involvement in the theft of the computer equipment and because certain charges against L.M., upon the State's recommendation, were dismissed the day before he gave his testimony against the appellant, in exchange for L.M.'s plea of guilty to participation in the theft of the computer equipment.

■ The credibility of L.M. was for the trial court to determine as the fact finder at the transfer hearing. The guilt of the appellant based upon the testimony of the alleged accomplice was not the issue before the court. Probable cause was the issue. In syllabus point 1 of *In re Moss*, 170 W.Va. 543, 295 S.E.2d 33 (1982), this Court defined "probable cause" in the context of a transfer hearing:

> Probable cause for the purpose of transfer of a juvenile to adult jurisdiction is more than mere suspicion and less than clear and convincing proof. Probable cause exists when the facts and circumstances as established by probative evidence are sufficient to warrant a prudent person in the belief that an offense has been committed and that the accused committed it.

On this record we cannot say that the trial court's finding of probable cause was clearly wrong.[4]

Based upon all of the above, we affirm the order of the trial court transferring the juvenile proceeding against the appellant to the criminal jurisdiction of the court.

AFFIRMED.

---

3. The State, under the 1978 amendments to *W.Va.Code*, 49–5–10, is no longer expressly required to prove by clear and convincing evidence that there are no reasonable prospects for rehabilitating the child. *W.Va.Code*, 49–5–10(d)(2)-(5) do, however, clearly require the court to consider the child's mental and physical condition, maturity, home or family environment, school experience and similar personal factors for a valid transfer of a juvenile proceeding to the criminal jurisdiction of the court. *State v. D.D.*, 172 W.Va. 791, 795, 310 S.E.2d 858, 861 (1983).

4. The appellant also raises an issue of "selective prosecution." The appellant was the only one of four juveniles allegedly involved in the theft of the computer equipment who was transferred to criminal jurisdiction.

An accused who claims selective or discriminatory prosecution bears a heavy burden of establishing that he or she has been selectively or distinctly treated among others similarly situated and that the selectivity is based upon some impermissible consideration such as race, religion or an attempt to prevent the exercise of constitutional rights. *State v. Jones*, 178 W.Va. 627, 629–30 & n. 8, 363 S.E.2d 513, 515–16 & n. 8 (1987); *Martin v. Leverette*, 161 W.Va. 547, 552–53, 244 S.E.2d 39, 42–43 (1978).

The appellant has not alleged, much less proved, that any of the impermissible considerations led to the motion for transfer to criminal jurisdiction. Accordingly, his claim of selective or discriminatory prosecution fails.