474 S.E.2d 573

**STATE of West Virginia ex rel. Kenneth Lester CHADWELL, Petitioner,**

v.

**William C. DUNCIL, Warden, Huttonsville Correctional Center, Respondent.**

No. 23280.

Supreme Court of Appeals of West Virginia.

Submitted June 25, 1996.

Decided July 3, 1996.

David H. Wilmoth, Jory & Smith, Elkins, for Petitioner.

Darrell V. McGraw, Jr., Attorney General, Scott E. Johnson, Assistant Attorney General, Charleston, for Respondent.

## PER CURIAM.

The main issue in this original habeas corpus proceeding is the use of a third offense shoplifting conviction, a statutory felony, as a prior felony under W. Va.Code 61–11–18, our habitual criminal offender statute, to impose a five-year recidivist sentence. Because felonies resulting from enhancement sentencing for misdemeanors are within the scope of W. Va.Code 61–11–18 (*see State v. Williams,* 196 W.Va. 639, 474 S.E.2d 569 (1996)), the writ of habeas corpus is denied.

I.

## FACTS AND BACKGROUND

Kenneth Lester Chadwell, the petitioner, was indicted by grand juries for Upshur and Lewis Counties on charges of grand larceny and conspiracy to commit grand larceny. The indictments allege that on November 25, 1989, Mr. Chadwell stole large quantities of video cassette tapes and camera film from several different stores in Upshur and Lewis Counties. The property stolen in Upshur County had an alleged value of about $950, and the property stolen in Lewis County had an alleged value of about $500. Based on a plea agreement among the respective prosecuting attorneys and Mr. Chadwell, who was represented by counsel, Mr. Chadwell pled guilty to two felony offenses of grand larceny, one in each Upshur and Lewis Counties, and admitted one prior felony conviction for proceedings under the habitual criminal offender statute, W. Va.Code 61–11–18. Sentencing under the agreement was to be concurrent with credit for time served on the first count of the Lewis County indictment.

After a hearing, on June 18, 1990, the circuit court entered orders accepting Mr. Chadwell's guilty pleas. Based on Mr. Chadwell's guilty pleas and an "Information of Prior Felony Conviction" specifying a 1984 conviction for "Shoplifting, 3rd Offense, a Felony," the circuit court sentenced Mr. Chadwell to two concurrent sentences of one to ten years for grand larceny with a five-year enhancement added to the maximum sentence.

On June 24, 1993, Mr. Chadwell, acting *pro se,* filed a petition for a writ of habeas corpus in the Circuit Court of Randolph County. On June 25, 1993, the petition was transferred to Upshur County, and on July 6, 1993, the Circuit Court of Upshur County ordered the *pro se* petition filed and appointed counsel to represent Mr. Chadwell. On September 15, 1995, Mr. Chadwell's lawyer filed a petition for habeas corpus alleging several grounds, including improper credit for time served and wrongful imposition of the recidivist statute. At a hearing on the petition, the Circuit Court of Upshur County, except for granting credit for time served, rejected the grounds for the petition. By order entered on October 16, 1995, the circuit court credited Mr. Chadwell with time served in Lewis County predisposition, but conclud-

ed that the "use of a prior enchanced [sic] sentence, a felony conviction for shoplifting in Lewis County ... does not give a disproportionate enchancement [sic] to that offense."

On November 6, 1995, Mr. Chadwell, acting *pro se*, petitioned this Court for a writ of habeas corpus. After Mr. Chadwell amended his petition on January 11, 1996, this Court, on January 25, 1996, issued a rule to show cause, returnable on May 28, 1996. Counsel was appointed for Mr. Chadwell and on April 1, 1996, Mr. Chadwell's lawyer filed his brief in support of the petition.[1]  On April 30, 1996, the respondent filed his response.

## II.

## DISCUSSION

Mr. Chadwell's main argument is that his felony conviction of third offense shoplifting cannot be used to impose a five-year recidivist sentence. Our habitual criminal offender statute, W. Va.Code 61–11–18 (1943), provides:

> When a person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

1. According to Mr. Chadwell's brief, although Mr. Chadwell had been previously paroled, because he violated his parole by drinking alcoholic beverages, he was again confined.  His current confinement is at the Cass, West Virginia work camp, and Mr. Chadwell was scheduled to appear before the Parole Board in April 1996.

2. Although in 1994, W. Va.Code 61–11–18 was amended with specific provisions dealing with a person convicted of first or second degree murder, who was previously convicted of first or

When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.[2]

We have long applied a strict construction to our recidivist statute.  Syl. pt. 2, *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981), states:

> "Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory.  In such proceedings, a court has no inherent or common law power or jurisdiction.  Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner."  *State ex rel. Ringer v. Boles,* 151 W.Va. 864, 871, 157 S.E.2d 554, 558 (1967).

*In accord,* Syl. pt. 1, *Justice v. Hedrick,* 177 W.Va. 53, 350 S.E.2d 565 (1986) (offense committed as a juvenile cannot be used to enhance sentence).  In Syl. pt. 1 of *State v. Williams,* we stated:

> "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."  Syl. Pt. 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).

Indeed, we have recognized that the "primary purpose of the recidivist statute is to deter persons who have been convicted and sentenced previously on penitentiary offenses, from committing subsequent felony offenses.  (Citations omitted.)"  *Justice v. Hedrick,* 177 W.Va. at 55, 350 S.E.2d at 567.  Recently in *State v. Williams, supra,* we

second degree murder, and with appropriate changes in form, the provisions applicable in this case remain unchanged.  *See also,* W. Va.Code 61–11–19 (1943), which states, in pertinent part:

> It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence.

found that a third offense DUI, a statutory felony triggered by repetition of misdemeanor offenses, can be used for enhancement under W. Va.Code 61–11–18 (1994). In *State v. Williams,* we noted the terms of our recidivist statute are not ambiguous and must "be given full force and effect." *State v. Williams,* 196 W.Va. at 641, 474 S.E.2d at 571 *quoting* Syl. pt. 2, in part, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951).

■ Because W. Va.Code 61–11–18 (1994) provides for sentence enhancement when a felony conviction is preceded by a prior conviction "punishable by imprisonment in a penitentiary," and fails to provide any exception for third offense DUI, in *State v. Williams,* we upheld enhancement based on Mr. Williams' third offense DUI. We overruled *State v. Brown,* 91 W.Va. 187, 189, 112 S.E. 408, 409 (1922), and its progeny, to the extent that they were inconsistent. Syl. pt 3 of *State v. Williams* provides:

Despite the fact that a third offense DUI felony conviction pursuant to West Virginia Code § 17C–5–2(j) (Supp.1995) results from an enhanced misdemeanor, the Legislature intended that this type of felony conviction be used for sentence enhancement in connection with the terms of the recidivist statute, West Virginia Code § 61–11–18 (Supp.1995). To the extent that *State v. Brown,* 91 W.Va. 187, 112 S.E. 408 (1922), is inconsistent with this ruling, we hereby overrule that decision and its progeny.

The case *sub judice* is similar to *State v. Williams* in that Mr. Chadwell's enhance-

ment felony, third offense shoplifting, resulted from repeated misdemeanors. W. Va. Code 61–3A–3(c) (1994), the third offense shoplifting statute, provides:

*Third offense conviction.*—Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the person is guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and *shall be imprisoned in the penitentiary for not less than one year nor more than ten years.* At least one year shall actually be spent in confinement and not subject to probation: Provided, That an order for home detention by the court pursuant to the provisions of article eleven-b [§ 62–11B–1 et seq.], chapter sixty-two of this code may be used as an alternative sentence to the incarceration required by this subsection. (Emphasis added.) [3]

Because a felony within the scope of our recidivist statute must be based on a conviction of "a crime punishable by imprisonment in a penitentiary" (W. Va.Code 61–11–18 (1994)), we find that third offense shoplifting is a felony within the scope of our recidivist statute.[4] Given the plain and unambiguous language of W. Va.Code 61–11–18 (1994), we find that enhancement based on Mr. Chadwell's third offense shoplifting conviction was proper.[5]

■ Mr. Chadwell also maintains that because the items were taken from mercantile establishments, he should have been indicted for shoplifting rather than grand larceny. In this case, because the allegations against Mr. Chadwell met the statutory definition of ei-

**3.** In *State v. Lewis,* 191 W.Va. 635, 638, 447 S.E.2d 570, 573 (1994), we recognized that to "be properly charged with third offense shoplifting requires only that the accused have been previously convicted of two shoplifting offenses within the preceding seven-year period." In *State v. Lewis,* we found that "prior to the 1994 amendments, West Virginia Code § 61–3A–3(c) (1981) was unconstitutional in that it violated the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution by imposing a disproportionate sentence to the crime committed by expressly prohibiting probation and implicitly prohibiting alternative sentencing." 191 W.Va. at 640, 447 S.E.2d at 575.

**4.** During oral argument, counsel for Mr. Chadwell attempted to distinguish this case from *State v. Williams.* However, the minor differences in timing do not address the statutory basis of our holding in *State v. Williams* and no justification for reconsidering that holding was presented.

**5.** Because of our decision that a third offense shoplifting conviction is a proper a basis for an additional five-year recidivist sentence, we need not address Mr. Chadwell's argument of ineffective assistance of counsel as shown by allowing him to accept a plea bargain using his third offense shoplifting conviction for enhancement.

ther shoplifting[6] or grand larceny,[7] he could have been charged with either crime.

■ In *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 752, 278 S.E.2d 624, 631 (1981), we noted that:

> The duty to prosecute is qualified, however, in that the prosecuting attorney is vested with discretion in the control of criminal causes, which is committed to him for the public good and for the vindication of the public interest. (Citations omitted.)

In *State ex rel. Hamstead v. Dostert*, 173 W.Va. 133, 137, 313 S.E.2d 409, 414 (1984), we held that a prosecuting attorney's "discretion extends to the determination of what type of indictment will be sought in a particular case." *See also State ex rel. Skinner v. Dostert*, 166 W.Va. at 752, 278 S.E.2d at 631 ("prosecutor in his discretion may decide which of several possible charges he will bring against an accused"); *In Interest of H.J.D.*, 180 W.Va. 105, 108 n. 4, 375 S.E.2d 576, 579 n. 4 (1988) (claims of selective or discriminatory prosecution bear "a heavy burden of establishing that he or she has been selectively or distinctly treated among others similarly situated and that the selectivity is based upon some impermissible consideration such as race, religion or an at-tempt to prevent the exercise of constitutional rights. (Citations omitted.)").

In this case, because there was no showing of selective prosecution, we find that given the statutory definitions of shoplifting and grand larceny, the prosecuting attorney had discretion to determine the charges against Mr. Chadwell, and that the prosecuting attorney properly exercised that discretion.

■ Finally, Mr. Chadwell maintains that the imposition of the five-year recidivist sentence violates the proportionality principle of the W. Va. Const. Art. III, § 5, which states, in pertinent part: "Penalties shall be proportioned to the character and degree of the offense." Mr. Chadwell emphasizes that his were not violent crimes and contained no threat of violence. Mr. Chadwell also notes that the purpose of W. Va.Code 61–11–18 "is to deter felony offenders from committing subsequent offenses."

Factually, we note that the record indicates that the allegations against Mr. Chadwell were that on one day he, acting in concert with others, stole items totaling about $1,500 from four stores located in two counties for the purpose of fencing the stolen items in another county.

■ In *State v. Lewis*, 191 W.Va. at 639, 447 S.E.2d at 574, we looked to various facts

---

6. W. Va.Code 61–3A–1 (1981) provides the following definition of shoplifting:

> (a) A person commits the offense of shoplifting if, with intent to appropriate merchandise without paying the merchant's stated price for the merchandise, such person, alone or in concert with another person, knowingly:
> (1) Conceals the merchandise upon his or her person or in another manner; or
> (2) Removes or causes the removal of merchandise from the mercantile establishment or beyond the last station for payment; or
> (3) Alters, transfers or removes any price marking affixed to the merchandise; or
> (4) Transfers the merchandise from one container to another; or
> (5) Causes the cash register or other sales recording device to reflect less than the merchant's stated price for the merchandise; or
> (6) Removes a shopping cart from the premises of the mercantile establishment.
> (b) A person also commits the offense of shoplifting if such person, alone or in concert with another person, knowingly and with intent obtains an exchange or refund or attempts to obtain an exchange or refund for merchan-dise which has not been purchased from the mercantile establishment.

7. Although the Legislature amended W. Va.Code 61–3–13 in 1994 by increasing the value of the goods taken to $1,000 in order to support a conviction for grand larceny, this provision does not effect Mr. Chadwell's case. W. Va.Code 61–3–13 (1977) provides:

> (a) If any person commits simple larceny of goods or chattels of the value of two hundred dollars or more, such person shall be guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be confined in a penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in the county jail not more than one year and shall be fined not more than five hundred dollars.
> (b) If any person commits simple larceny of goods or chattels of the value of less than two hundred dollars, such person shall be guilty of a misdemeanor, designated petit larceny, and, upon conviction thereof, shall be confined in the county jail for a term not to exceed one year or fined not to exceed five hundred dollars, or both, in the discretion of the court.

to determine that the imposition of a one-year mandatory term of incarceration for shoplifting was disproportional.[8] We noted that shoplifting is "nonviolent and necessarily limited in its ability to inflict harm on others" and weighted the taking of a pork chop and garlic powder valued at $8.83 against a year in the penitentiary.

This case, however, involves almost $1,500 worth of stolen items taken from several stores by several persons who planned to transport the items out of the area in order to fence them. The facts of this case distinguish it from *State v. Lewis* and do not support a finding of a disproportional sentence.

Finally, we note that Mr. Chadwell, who was represented by counsel, entered into an agreement whereby several felony charges were dropped in exchange for guilty pleas to two grand larceny felonies and an enhancement under W. Va. Code 61–11–18. We find nothing in the record suggesting that the punishment of Mr. Chadwell's coordinated several store crime spree was disproportional to the crimes.[9]

For the above stated reasons, we find that Mr. Chadwell is not entitled to relief, and, therefore, we deny the requested writ.

Writ denied.

---

8. In *State v. Cooper*, 172 W.Va. 266, 272, 304 S.E.2d 851, 857 (1983), we recognized two tests to determine if a sentence violates Article III, § 5 of the W. Va. Const. The first is a subjective test of whether the sentence "shocks the conscience of the court and society." The second is an objective test found in Syl. pt. 5 of *Wanstreet v. Bordenkircher, supra*, which states:

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*See also State v. Ross*, 184 W.Va. 579, 581–82, 402 S.E.2d 248, 250–51 (1990).

9. The two additional assignments of error raised in Mr. Chadwell's *pro se* petition, but not addressed in his brief, do not entitle him to relief. First, Mr. Chadwell notes the lack of the word "feloniously" in his Lewis County indictment. In *State v. Manns*, 174 W.Va. 793, 799, 329 S.E.2d 865, 872 (1985), we found that indictments are judged on overall sufficiency and did not rely on the inclusion of particular words, such as "feloniously."

Finally, Mr. Chadwell points out that he waited twenty-seven months for the circuit court to hear his habeas corpus petition, which he alleges violates the three-term rule of W. Va.Code 62–3–21 (1959). However, because a habeas corpus proceeding is a civil proceeding (*see Perdue v. Coiner*, 156 W.Va. 467, 468, 194 S.E.2d 657, 659 (1973)), he has no basis for invoking a right to a speedy trial in this matter.