# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 17, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-0170** (Ohio County 13-F-101)

**Stephen Robert Clemens**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Stephen Robert Clemens, by counsel Keith W. Hart, appeals the order of the Circuit Court of Ohio County, entered on December 16, 2013, denying his motion for a new trial and motion for judgment of acquittal, and sentencing him to serve one to five years in the state penitentiary upon his conviction of gross child neglect creating substantial risk of serious bodily injury or death, and one to ten years upon his conviction of entering without breaking, all subsequent to a trial by a jury of his peers.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

It is undisputed that petitioner's wife, Jeanette Darnley, while in petitioner's company, engaged in fraudulent return, merchandise concealment, and price-switching in a department store.[1] In the midst of the shopping trip, petitioner took Ms. Darnley's nine-year-old son, S.A., to the family car, "cracked the windows," and returned to the store. When petitioner and Ms. Darnley left the store, each was arrested.[2] Petitioner ultimately was indicted on one count of child neglect creating substantial risk of injury in violation of West Virginia Code § 61-8D-4(c) and two counts of entering without breaking in violation of West Virginia Code § 61-3-12.

---

[1] The parties did not include in the appendix record on appeal any witness testimony describing the events at issue. We accept as true these facts as agreed upon by the parties for the purpose of our review, but are without substantial detail about the circumstances.

[2] The State presented evidence at trial tending to show that petitioner assisted his wife in these endeavors.

1

Petitioner was found guilty on Counts I and III[3], and he filed post-trial motions for judgment of acquittal and for a new trial. Both motions were denied. Petitioner was sentenced to incarceration for one to five years for Count I, and one to ten years for Count III, with the sentences running consecutively. Petitioner appeals the judgment.

On appeal, petitioner presents three assignments of error related to the denial of his motions for judgment of acquittal and for a new trial. He argues, first, that the enactment of our shoplifting statute, West Virginia Code §§ 61-3A-1 through 61-3A-6, prohibits the charge of entering without breaking under the circumstances of this case, where the "building" in question is a mercantile establishment that was open for regular business hours at the time of the charged crime.[4] He argues, second, that West Virginia recognizes the misdemeanor offense of simple

---

[3] At the close of the State's case-in-chief, petitioner moved for judgment of acquittal on each of the counts of entering without breaking, and the court granted the motion as to Count II, stating that there was no evidence of intent regarding petitioner's first entry into the store. The court noted, however, that when petitioner returned to the store, video surveillance showed petitioner concealing a bag that Ms. Darnley used to make fraudulent returns.

[4] West Virginia Code § 61-3-12 provides, in part:

If any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, underground coal mine, storehouse, warehouse, banking house or any house or building, other than a dwelling house or outhouse adjoining thereto or occupied therewith, any railroad or traction car, propelled by steam, electricity or otherwise, any steamboat or other boat or vessel, or any commercial, industrial or public utility property enclosed by a fence, wall or other structure erected with the intent of the property owner of protecting or securing the area within and its contents from unauthorized persons, within the jurisdiction of any county in this state, with intent to commit a felony or any larceny, he or she shall be deemed guilty of a felony and, upon conviction, shall be confined in a state correctional facility not less than one nor more than ten years. And if any person shall, at any time, break and enter, or shall enter without breaking, any automobile, motorcar or bus, with like intent, within the jurisdiction of any county in this state, he or she shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail not less than two nor more than twelve months and be fined not exceeding $100. . . .

West Virginia Code § 61-3A-1 provides:

(a) A person commits the offense of shoplifting if, with intent to appropriate merchandise without paying the merchant's stated price for the merchandise, such person, alone or in concert with another person, knowingly:
(1) Conceals the merchandise upon his or her person or in another manner; or
(2) Removes or causes the removal of merchandise from the mercantile establishment or beyond the last station for payment; or
(3) Alters, transfers or removes any price marking affixed to the merchandise; or

2

child neglect in West Virginia Code § 49-7-7 and, third, that the circuit court improperly denied his instruction delineating that misdemeanor as a lesser included offense of child neglect creating substantial risk of serious bodily injury or death.

Generally,

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

We turn to petitioner's first assignment of error and address his argument that he was improperly indicted on the charge of entering without breaking rather than shoplifting. In *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 752, 278 S.E.2d 624, 631 (1981), we explained that "the prosecuting attorney is vested with discretion in the control of criminal causes. . . ." Later, we elaborated:

> In *State ex rel. Hamstead v. Dostert*, 173 W.Va. 133, 137, 313 S.E.2d 409, 414 (1984), we held that a prosecuting attorney's "discretion extends to the determination of what type of indictment will be sought in a particular case." See also *State ex rel. Skinner v. Dostert*, 166 W.Va. at 752, 278 S.E.2d at 631 ("prosecutor in his discretion may decide which of several possible charges he will bring against an accused"); *In Interest of H.J.D.*, 180 W.Va. 105, 108 n. 4, 375 S.E.2d 576, 579 n. 4 (1988) (claims of selective or discriminatory prosecution bear "a heavy burden of establishing that he or she has been selectively or distinctly treated among others similarly situated and that the selectivity is based upon some impermissible consideration such as race, religion or an attempt to prevent the exercise of constitutional rights. (Citations omitted.)").

---

(4) Transfers the merchandise from one container to another; or
(5) Causes the cash register or other sales recording device to reflect less than the merchant's stated price for the merchandise; or
(6) Removes a shopping cart from the premises of the mercantile establishment; or
(7) Repudiates a card-not-present credit or debit transaction after having taken delivery of merchandise ordered from the merchant and does not return the merchandise or attempt to make other arrangements with the vendor.
(b) A person also commits the offense of shoplifting if such person, alone or in concert with another person, knowingly and with intent obtains an exchange or refund or attempts to obtain an exchange or refund for merchandise which has not been purchased from the mercantile establishment.

3

In this case, because there was no showing of selective prosecution, we find that given the statutory definitions of shoplifting and grand larceny, the prosecuting attorney had discretion to determine the charges . . . , and that the prosecuting attorney properly exercised that discretion.

*State ex rel. Chadwell v. Duncil*, 196 W.Va. 643, 648, 474 S.E.2d 573, 578 (1996). Inasmuch as petitioner has presented no evidence of selective or discriminatory prosecution, we follow our well-reasoned precedent and find no error in the circuit court's ruling on this matter.

We turn, then, to petitioner's second and third assignments of error in which he argues, respectively, that West Virginia recognizes a simple child neglect misdemeanor offense, and that the court erred in not instructing the jury that such a misdemeanor is a lesser included offense of gross child neglect creating substantial risk of serious bodily injury or death.[5] Petitioner's arguments are rooted in the circuit court's refusal of his proffered jury instruction.

The question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense. *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982).

Syl. Pt. 1, *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985).

Petitioner argues that we have recognized that West Virginia Code § 49-7-7 establishes misdemeanor child neglect as a crime in this State. Subsection (a) of that statute provides:

(a) A person who by any act or omission contributes to, encourages or tends to cause the delinquency or neglect of any child, including, but not limited to, aiding or encouraging any such child to habitually or continually refuse to respond, without just cause, to the lawful supervision of such child's parents, guardian or custodian or to be habitually absent from school without just cause, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty

---

[5] West Virginia Code § 61-8D-4(c) provides:

If a parent, guardian or custodian grossly neglects a child and by that gross neglect creates a substantial risk of death or serious bodily injury, as serious bodily injury is defined in section one, article eight-b of this chapter, of the child then the parent, guardian or custodian is guilty of a felony and, upon conviction thereof, shall be fined not less than $1,000 nor more than $3,000 dollars or imprisoned in a state correctional facility for not less than one nor more than five years, or both.

4

nor more than five hundred dollars, or imprisoned in the county jail for a period not exceeding one year, or both fined and imprisoned. . . .

We disagree with petitioner; we have not explicitly acknowledged the existence of a misdemeanor offense of child neglect. Rather, in the cases cited by petitioner in support of his argument, we noted without discussion that the circuit courts permitted misdemeanor charges to go forward under the above-referenced section.[6] In the most recent of those cases, the petitioner entered a plea of guilty to the misdemeanor offense of "*contributing* to the neglect of a minor." *State v. Kimberly S.*, 233 W.Va. 5, 7, 754 S.E.2d 581, 583 (2014)(emphasis added). Thus, *Kimberly S.* lends support to the ruling of the circuit court:

> [T]he notes following that statute state that the section simply evinces one of the purposes of the statute to be the prevention of delinquency in children. A reading of the whole statute will show that its main purpose is to prevent delinquency and dependency and to provide for detention and reformation of those who have actually become delinquent as defined therein.

> Following that there's another note that states the purpose of the section is to insulate the juvenile from those who would encourage him to break the law, not just those laws that are enacted for his protection, but those which protect others. . . .

> I believe that the cited statute as a lesser-included is not a lesser-included and that the word "neglect" is utilized as neglect that brings about delinquency, which is not part of the case.

Indeed, we have held that "[West Virginia] Code [§] 49-7-7, relating to the crime of contributing to the delinquency of a minor, must be read in pari materia with [West Virginia] Code [§] 49-1-4, defining a delinquent child, in order to determine the elements of the crime of contributing to the delinquency of a minor." Syl. Pt. 1, *State v. Austin*, 160 W.Va. 337, 234 S.E.2d 657 (1977)[7]. We explained:

> Ordinarily, the crime of contributing is viewed with the perspective of two considerations: (1) the underlying act of delinquency of the juvenile, and (2) the acts of the defendant which are alleged to have caused or encouraged the

---

[6] *See State v. Caskey*, 185 W.Va. 286, 287 n. 1, 406 S.E.2d 717, 718 n. 1 (1991); *State v. Kimberly S.*, 233 W.Va. 5, 7, 754 S.E.2d 581, 583 (2014).

[7] In 1977, West Virginia Code § 49-7-7 was substantially similar to the relevant portion of the iteration now before us: "A person who by any act or omission contributes to, encourages or tends to cause the delinquency or neglect of any child, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not to exceed five hundred dollars, or imprisoned in the county jail for a period not exceeding one year, or both." *Austin,* 160 W.Va. at 339 n. 1, 234 S.E.2d at 659 n. 1.

delinquency. In this State, however, this analysis is somewhat obscured in that it is not necessary, in sustaining a charge of contributing, to have established that the conduct of the defendant actually resulted in the delinquency of the juvenile. *State v. Harris*, 105 W.Va. 165, 169, 141 S.E. 637, 639 (1928); see also Annot., 18 A.L.R.3d 824 (1968).

*Austin*, 160 W.Va. at 339, 234 S.E.2d at 659-60.

The misdemeanor offense found at West Virginia Code § 49-7-7(a) contemplates an act or omission that causes or encourages juvenile delinquency. It thus contains an element not found in West Virginia Code § 61-8D-4(c), the section under which petitioner was indicted. Petitioner was not entitled to his proffered jury instruction, and we find no error in the ruling of the circuit court.[8]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8] We further note that, as explained in note 1 above, we are without evidence that would permit us to evaluate the second consideration of this inquiry, whether there is evidence which would tend to prove the elements of the lesser included offense.