**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Johnnie Franklin Wills,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0472** (Hampshire County 18-C-29)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Petitioner Johnnie Franklin Wills, by counsel Jeremy B. Cooper, appeals the Circuit Court of Hampshire County's May 27, 2020, order denying petitioner's petition for a writ of habeas corpus following his convictions for grand larceny and conspiracy to commit grand larceny, in addition to receiving an enhanced sentence under a recidivist information. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Center, by counsel Gordon L. Mowen II, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, petitioner and another individual broke into a residence and stole property located therein. Petitioner was indicted in May of 2016 of the felony offense of burglary; the felony offense of conspiracy to commit burglary; the felony offense of grand larceny; the felony offense of conspiracy to commit grand larceny; and the misdemeanor offense of destruction of property. Following a jury trial on August 24 and 25, 2016, petitioner was found guilty of the felony offenses of grand larceny and conspiracy to commit grand larceny. However, he was acquitted of burglary, conspiracy to commit burglary, and destruction of property. On August 26, 2016, the State filed a recidivist information against petitioner, and on October 21, 2016, petitioner admitted that he was the same person charged in the recidivist information and that he had previously been convicted of two qualifying offenses. On November 10, 2016, petitioner was sentenced to life imprisonment with parole eligibility for the felony offense of grand larceny and not less than one nor more than five years for the felony offense of conspiracy to commit grand larceny, with the sentences to run concurrently to one another. Petitioner appealed his sentences to this Court, and this Court affirmed in a memorandum decision. *State v. Wills*, No. 16-1199, 2017

1

WL 5632127 (W. Va. Nov. 22, 2017) (memorandum decision) ("*Wills I*").

Acting as a self-represented litigant, petitioner filed a petition for a writ of habeas corpus on June 1, 2018. The circuit court appointed Jason T. Gain to represent petitioner and file an amended petition; following several extensions, the amended petition was filed on January 14, 2019. On August 22, 2019, the circuit court held an omnibus evidentiary hearing, during which petitioner appeared via video conference without objection to that appearance. The court reviewed the checklist of grounds for post-conviction habeas corpus relief with petitioner, and an amended *Losh* list was filed on August 22, 2019, which included additional claims.[1] The court reviewed petitioner's constitutional rights regarding the amended *Losh* list, and evidence was presented. In addition, the parties stipulated that the records in Hampshire County Case No. 16-F-57 and this Court's memorandum decision be made a part of the record in the instant matter. During the omnibus hearing, petitioner's trial counsel offered testimony.

On September 27, 2019, the circuit court granted petitioner's motion for leave to file a second amended petition; on that date, it also continued the final omnibus hearing. During the second omnibus hearing on November 7, 2019, petitioner appeared and provided testimony in support of his habeas petition. During that hearing, a transcript of the closing arguments from the underlying criminal trial was admitted. The parties were asked to submit proposed findings of fact and conclusions of law for the circuit court's consideration. Before issuing its May 27, 2020, order denying petitioner's habeas petition, the circuit court also "review[ed] and fully consider[ed] the records contained in Hampshire County Circuit Court Case No.: 16-F-57; [*Wills I*]; and exhibits that were admitted into the evidentiary record on August 22, 2019[,] and November 7, 2019."

In its thirty-one-page order denying petitioner's request for habeas relief, the circuit court addressed each of the grounds petitioner asserted in his second amended petition for habeas corpus. However, as explained below, only one of those grounds is relevant to this Court's review of the error alleged by petitioner—the constitutionality of the recidivist statute. In addressing that issue, the circuit court found that "to date[,] the recidivist statute remains in effect and constitutional in the State of West Virginia. Therefore, [p]etitioner is entitled to no relief upon this ground." Petitioner appeals from the circuit court's May 27, 2020, "Order Denying Habeas Corpus."

This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

---

[1] *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner sets forth argument in support of only one assignment of error: The circuit court erred by denying relief on petitioner's claim that the application of the West Virginia recidivist statute, under the facts of his case, is illegal based upon favorable changes in the law since his original sentencing.[2] At the outset, petitioner admits that an assignment of error attacking his recidivist sentence would, under normal circumstances, be res judicata in the underlying habeas proceeding and in the context of this appeal because it was already ruled upon in petitioner's direct appeal. However, he asserts that there is an exception in Syllabus Point 4 of *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981), that permits successive collateral litigation in the context of a "change in the law, favorable to the applicant, which may be applied retroactively." Thus, he contends that this Court may properly consider the issue in the context of this appeal. Petitioner goes on to argue that the recidivist statute in effect at the time of petitioner's sentencing, as interpreted by this Court, is unconstitutionally void for vagueness so his life recidivist sentence is illegal under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which was issued after petitioner's recidivist sentence was handed down and affirmed by this Court. Petitioner further asserts that his sentence is disproportionate in violation of Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution.

Petitioner admits that in *State v. Mauller*, No. 19-0829, 2020 WL 4355079 (W. Va. July 30, 2020) (memorandum decision), this Court considered and rejected an appeal on similar grounds to the instant appeal; he contends, however, that the facts in *Mauller*, which specifically involved the underlying felonies, differ in key ways from the instant case. Petitioner asks that this Court "simply modify the [*State v.*] *Hoyle*[, 242 W. Va. 599, 836 S.E.2d 817 (2019), *cert. denied*, 140 S. Ct. 2586 (2020),] test to pass federal constitutional muster, by requiring an 'elements' test for violent offenses rather than a 'residual clause.'"

In *Hoyle*, this Court set forth the following:

> "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syllabus Point 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

> "The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers

---

[2] Petitioner also alleged that the circuit court erred by denying relief on his other grounds for habeas relief. On October 2, 2020, petitioner's counsel filed a "Motion to Permit Filing of a *Pro Se* Supplemental Brief" requesting that petitioner be permitted to file a separate brief addressing the second assignment of error as a self-represented litigant, pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. This Court granted that motion by order entered on November 12, 2020. Pursuant to that order, petitioner's brief on that issue was to be filed no later than December 4, 2020. Petitioner did not submit a brief addressing that issue. Therefore, pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, we decline to address the unargued assignment of error.

the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the statute." Syllabus Point 7, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981).

For purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results. If this threshold is not met, a life recidivist conviction is an unconstitutionally disproportionate punishment under Article III, Section 5 of the West Virginia Constitution.

*Hoyle*, 242 W. Va. at 603, 836 S.E.2d at 821, Syl. Pts. 10, 11, and 12.

We note that recidivist statutes are designed "to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense from committing subsequent felony offenses." Syl. Pt. 3, in part, *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 583 S.E.2d 800 (2002) (citation omitted). Petitioner does not dispute that he was convicted of multiple charges of driving under the influence ("DUI"), third offense; multiple charges of driving revoked for DUI, third offense; DUI, second offense; domestic battery; escaping while in custody; grand larceny; conspiracy to commit grand larceny; and being a felon in possession of a firearm. West Virginia Code § 61-11-18(d) provides for the imposition of a life sentence "[w]hen it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary . . . ." *Id.*; *accord Hoyle*, 242 W. Va. at 614, 836 S.E.2d at 832. As indicated above, *Hoyle* requires that, "[f]or purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results." *Hoyle*, 242 W. Va. at 603, 836 S.E.2d at 821, Syl. Pt. 12, in part.

This Court has long recognized that the proportionality principle embedded in the West Virginia Constitution prohibits the imposition of a life recidivist sentence where the defendant's underlying conduct did not involve violence or the threat of violence. *See generally Wanstreet*, 166 W. Va. at 537, 276 S.E.2d at 214. This analysis is precisely what this Court undertook when it evaluated petitioner's claim on direct appeal in *Wills I*.

We disagree with petitioner's contention that his sentence is unconstitutional under *Dimaya*. As we recently found in *State v. Plante*, No. 19-0109, 2020 WL 6806375, at *5, n.11 (W. Va. Nov. 19, 2020) (memorandum decision),

[w]e find this argument unavailing for two significant reasons. First, we have already determined that the language of our recidivist statute, West Virginia Code § 61-11-18, is plain and unambiguous. *See State ex rel. Appleby v. Recht*, 213 W. Va. 503, 519, 583 S.E.2d 800, 816 (2002)(quoting *State ex rel. Chadwell v. Duncil*,

4

196 W.Va. 643, 647, 474 S.E.2d 573, 577 (1996))(providing "[w]e have previously recognized that West Virginia Code § 61-11-18 is 'plain and unambiguous. . . .'"). Second, neither *Johnson* nor *Sessions*, the Supreme Court decisions relied upon by petitioner, involve a recidivist statute, and the principles of statutory construction contained in those cases are inapplicable to resolve the issue presented herein: whether, under the facts and circumstances of this case, the imposition of a life sentence under our recidivist statute is constitutionally disproportionate.

*Plante*, 2020 WL 6806375, at *5.

For the reasons set forth in our prior holdings, there is no need to modify our recent holding in *Hoyle*. Therefore, we find that the circuit court did not err in denying petitioner's petition for habeas corpus relief related to the imposition of the recidivist statute or petitioner's sentence under that statute.

Affirmed.

**ISSUED:** July 19, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton