**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Olin Matice Gaskins,**
**Plaintiff Below, Petitioner**

**v.)  No. 22-0397** (Jefferson County CC-19-2021-C-122)

**Jonathan Frame, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Olin Matice Gaskins appeals the April 26, 2022, order of the Circuit Court of Jefferson County denying his petition for a writ of habeas corpus.[1] He argues that the court erred by failing to grant habeas relief with regard to the trial court's application of the recidivist statute and admission of certain evidence. He also contends that it was error to deny his habeas petition without first affording him an omnibus evidentiary hearing on his claims of ineffective assistance of counsel. Upon our review, we determine that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons set forth below, the decision of the circuit court is affirmed, in part, and vacated, in part, and this case is remanded to the circuit court for the holding of an omnibus evidentiary hearing on the claims of ineffective assistance of counsel.

### *Procedural Background*

In 2018, Mr. Gaskins was convicted of one count of felony possession of a firearm by a prohibited person, in violation of West Virginia Code § 61-7-7(b)(2), after an officer discovered an operable handgun among his belongings during a routine traffic stop and determined that Mr. Gaskins was the subject of prior felony convictions. Upon his conviction, the State filed a recidivist information alleging that Mr. Gaskins was previously convicted, on two separate occasions, of delivery of a controlled substance (once within one thousand feet of an elementary school). Mr. Gaskins waived his right to a jury trial on the recidivism charge and admitted to the prior felony convictions. The circuit court subsequently determined that Mr. Gaskins's prior felonies were

---

[1] Mr. Gaskins appears by counsel Jason T. Gain. With the Court's permission, Mr. Gaskins also personally filed a supplemental reply brief. The State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday. Since the filing of this case, the superintendent of Mount Olive Correctional Complex has changed; accordingly, the Court has made the necessary substitution of a party pursuant to Rule 41 of the West Virginia Rules of Appellate Procedure.

crimes of violence and, accordingly, sentenced Mr. Gaskins to imprisonment for a term of life, with mercy, pursuant to West Virginia Code § 61-11-18(c) (2000).[2] Mr. Gaskins directly appealed his recidivist life sentence, and we affirmed the sentence in *State v. Gaskins*, No. 18-0575, 2020 WL 3469894 (W. Va. June 25, 2020) (memorandum decision).

Later, Mr. Gaskins filed a petition for a writ of habeas corpus in the circuit court asserting numerous grounds for relief. Finding that it had "ample evidence on the issues raised to rule on the matter," the circuit court denied Mr. Gaskins's petition without conducting an omnibus hearing. On appeal, Mr. Gaskins assigns error in the circuit court's denial on five bases. He argues that (1) this Court's precedent concerning recidivist sentencing contravenes the precedent of the Supreme Court of the United States; (2) the circuit court erred in denying habeas relief without conducting an omnibus hearing, because he claimed ineffective assistance of counsel; (3) the "circuit court erred when it failed to suppress the fruits of an illegal extended traffic stop"; (4) the application of the recidivist statute results in a disproportionate sentence for him, because the statute has been revised in such a way that he would not now be sentenced for a term of life; and (5) precedent of the Supreme Court of the United States requires that statutory changes inure to his benefit. When considering a circuit court's order in a habeas corpus action, we review the ultimate disposition under an abuse of discretion standard and the factual findings for clear error; questions of law are considered de novo. Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

### *Application of the Recidivist Statute*
### *(Petitioner's First, Fourth, and Fifth Assignments of Error)*

The Legislature made substantial changes to our recidivist statute, West Virginia Code § 61-11-18, effective June 5, 2020, after Mr. Gaskins's conviction and sentence. In three assignments of error, Mr. Gaskins argues that our recidivism statutory scheme permits the increase of mandatory statutory minimum sentence and therefore offends the United Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99 (2013). Essentially, he argues that he was entitled to a jury determination on the question of whether his prior felonies were crimes of violence

---

[2] At the time of Mr. Gaskins's conviction for felony possession of a firearm, West Virginia Code § 61-11-18(c) (2000) provided, "When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

Mr. Gaskins directly appealed his recidivist conviction on the ground that the triggering offense (possession of a firearm by a prohibited person) was not a crime of "anticipated violence." He did not, however, contest the circuit court's finding that the predicate felonies (delivery of a controlled substance) involved actual or threatened violence. Although he argues here that application of the prior statute is subjective, Mr. Gaskins does not couch his challenge in terms specific to the circuit court's findings on his predicate felonies. He, in fact, acknowledges that his argument is restricted to the contention that the general "mechanism by which the determination of violence or victim impact is constitutionally infirm." We, therefore, need not revisit the circuit court's determination that the predicate felonies were crimes of violence.

2

because the recidivist statute in effect at the time of his sentencing is void for vagueness. Furthermore, he argues that the Legislature's change of the statute is evidence that the Legislature believed the prior statutory framework to yield disproportionate sentencing.

Mr. Gaskins acknowledges that we have previously addressed the statutory revision. *See, e.g., State v. Plante*, No. 19-0109, 2020 WL 6806375 (W. Va. Nov. 19, 2020) (memorandum decision); *Wills v. Pszczolkowski*, No. 20-0472, 2021 WL 3030372 (W. Va. July 19, 2021) (memorandum decision); *State v. Mauller*, No. 19-0829, 2020 WL 4355079 (W. Va. July 30, 2020) (memorandum decision). He suggests that this Court must reverse those decisions and empower our circuit courts to reach different outcomes.

In *Wills*, we rejected the same argument Mr. Gaskins now makes:

> We find [the] argument unavailing for two significant reasons. First, we have already determined that the language of our recidivist statute, West Virginia Code § 61-11-18, is plain and unambiguous. *See State ex rel. Appleby v. Recht*, 213 W. Va. 503, 519, 583 S.E.2d 800, 816 (2002) (quoting *State ex rel. Chadwell v. Duncil*, 196 W.Va. 643, 647, 474 S.E.2d 573, 577 (1996))(providing "[w]e have previously recognized that West Virginia Code § 61-11-18 is 'plain and unambiguous. . . .'"). Second, neither *Johnson* nor *Sessions*, the Supreme Court decisions relied upon by petitioner, involve a recidivist statute, and the principles of statutory construction contained in those cases are inapplicable to resolve the issue presented herein: whether, under the facts and circumstances of this case, the imposition of a life sentence under our recidivist statute is constitutionally disproportionate.

*Wills*, 2021 WL 3030372, at *4 (quoting *Plante*, 2020 WL 6806375, at *5). Consequently, we find no error in the circuit court's determination that statutory changes to the recidivist statute require no grant of relief to Mr. Gaskins.

### *Denial of an Omnibus Evidentiary Hearing*
### *(Petitioner's Second Assignment of Error)*

Mr. Gaskins argues that his trial counsel was ineffective because counsel failed to adequately advise him before he rejected a plea agreement that would have resulted in a mere six-month term of incarceration. We have previously held that

> [i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*State ex el. Farmer v. Trent*, 206 W. Va. 231, 235, 523 S.E.2d 547, 551 (1999).

Here, the circuit court's order denying habeas relief explained that Mr. Gaskins appeared for a plea hearing with the intention of entering a guilty plea, but reneged when he understood he would be pleading guilty to a felony rather than a misdemeanor. The court explained:

> [T]he State offered a binding plea agreement . . . which would have bound the [c]ourt to a six (6) month sentence of incarceration on the felony conviction. The . . . status hearing order by the circuit court also makes it clear that [Mr. Gaskins] and the [c]ourt went through an extensive colloquy regarding this plea agreement where it was clearly stated the [c]ourt would be bound to a six (6) month period of incarceration if the [c]ourt accepted the agreement. Despite this, [Mr. Gaskins] . . . would not plead guilty to a felony offense.

The circuit court found that Mr. Gaskins was adequately advised of the ramifications of the plea through the colloquy.

Even if the trial court conducted a thorough plea colloquy, the evidence of record is still insufficient to address Mr. Gaskins's assertion that his counsel failed to advise him of the consequences of entering the plea agreement.[3] The circuit court's finding that Mr. Gaskins was advised that his incarceration would be limited to a six-month period does not resolve Mr. Gaskins's contention that his trial counsel failed to ensure (or advise him that it was ensured) that the State would be prohibited from seeking further incarceration pursuant to a recidivist sentence. We, therefore, find that this matter must be remanded for evidentiary development and further consideration of this claim.

### Suppression of Evidence
### (Petitioner's Third Assignment of Error)

Mr. Gaskins argues that the trial "court erred when it failed to suppress the fruits of an illegal extended traffic stop" and that his appellate counsel was ineffective for failing to raise this issue on direct appeal. In the habeas order, the court found that Mr. Gaskins had waived this issue by failing to raise it on direct appeal. Generally, "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt. 1, in part, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). In this case, however, Mr. Gaskins did not ask the circuit court to consider the suppression issue in isolation. Though he asserted this ground for relief in his amended habeas petition under the heading "constitutional errors in evidentiary rulings," he introduced the ground by asserting that "there was no strategic reason for his appellate counsel to fail to raise this issue on direct appeal." While the circuit court wrote in its order denying habeas relief that "there was ample reasonable suspicion and then probable cause to justify any search," it is apparent that the circuit court's conclusion does not reach the heart of the ground asserted by Mr. Gaskins: whether his appellate

---

[3] Although the habeas order and the parties' briefs make representations regarding the plea colloquy, the plea hearing transcript is not included in the appendix record on appeal. Thus, we are unable to independently review the colloquy.

4

counsel was ineffective for failing to raise it on direct appeal. We, thus, find it necessary to remand this case to the circuit court for further consideration of this issue.

For the foregoing reasons, we vacate the portions of the circuit court's April 26, 2022, habeas order regarding Mr. Gaskins's claims of ineffective assistance of counsel. However, we affirm all other aspects of the order. We remand this case to the circuit court with directions to hold an omnibus hearing and to consider the claims of ineffective assistance of counsel.

Affirmed, in part; and vacated, in part; and remanded with directions.


**ISSUED:** November 26, 2024

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**CONCURRING, IN PART, AND DISSENTING, IN PART:**

Chief Justice Tim Armstead

**DISSENTING:**

Justice John A. Hutchison


Armstead, Chief Justice, concurring, in part, and dissenting, in part:

I concur with the majority's conclusion affirming the circuit court as to the application of the recidivist statute, as raised in petitioner's first, fourth and fifth assignments of error. I dissent to the majority's ruling vacating and remanding this matter as to petitioner's second and third assignments of error and would set these assignments of error for oral argument to thoroughly address the errors alleged as to these issues.


Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.